32364. CONSOLIDATED QUARRIES CORPORATION
*v.* DAVIDSON *et al.*

Decided April 13, 1949. Rehearing denied May 13, 1949.

*Julius A. McCurdy Jr., James A. Branch, Thomas B. Branch Jr.,* for plaintiff.

*Robert P. McLarty, John K. Calhoun,* for defendants.

Felton, J.   The sole purpose of the present action is to have legal rights declared for the purpose of guiding future conduct.

At the time this action was instituted in the trial court, it presented a question that could properly be adjudicated under the Declaratory Judgment Act. The question now presented is, whether or not, at the time the final judgment was rendered and this case appealed to this court, there still existed a real or actual controversy within the purview of the act. The Georgia Declaratory Judgment Act (Ga. L. 1945, p. 137) provides: "In cases of actual controversy the respective Superior Courts of the State of Georgia shall have power upon petition, or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed. . . Section 9. The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

We are of the opinion that, prior to the final judgment and appeal of this case, there was no longer existing a real or actual controversy as contemplated by the act. By its express terms, the contract expired September 1, 1948. The record shows that the judgment overruling the plaintiff's motion for a new trial was rendered on December 1, 1948. Since the plaintiff is seeking to have its present rights determined under this contract, and since the contract expired by its own terms three months prior to final adjudication in the trial court, the questions before us have became moot and abstract insofar as relief by declaratory judgment is concerned. If we should declare the rights of the plaintiff under this contract, we would be answering an academic, hypothetical question, because the contract sought to be construed is no longer of force and no issue is presented as to past action and liability therefor under the general law. Dayton Street Transit Company v. Dayton Power & Light Co., 57 Ohio App. 299 (13 N. E. 2d, 923). "No proceeding lies under the declaratory judgment acts to obtain a judgment which is merely advisory or which merely answers a moot or abstract question. 16 Am. Jur. 282, § 9." Shippen v. Folsom, 200 Ga. 58 (4), (35 S. E. 2d, 915); Clein v. Kaplan, 201 Ga. 396 (40 S. E. 2d, 133). To give the plaintiff answers now could not aid in determination

of future conduct under the contract. Professor Borchard in his text on Declaratory Judgments (2d ed.), p. 84, in regard to subsequent changing circumstance rendering a case moot, states: "The issue has ceased to be live or practical, because the facts have changed, either by settlement of the controversy or by alteration in the circumstances of the parties or subject-matter, so as to make the judgment not decisive or controlling of actual and contested rights, but a pronouncement having academic interest only." Judge MacIntyre in his very able opinion in *Felton* v. *Chandler*, 75 *Ga. App.* 354 (43 S. E. 2d, 742), states: "It may be here noted that if an action for a declaration raises issues which are fictitious, colorable, hypothetical, abstract, academic, or dead, and hence moot; the Georgia statute is not applicable, and the action must be dismissed as decisively as would be any other action presenting the same non-justiciable issues."

Furthermore, it is expressly stated in section 9 of the act that a court may refuse to render a declaratory judgment or decree which, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding. In this case, if this court should construe the contract to be valid and binding upon the plaintiff, then further litigation would be required to recover for breach of the contract. It is a basic rule of declaratory-judgment law that it is the duty of the court to make a full and complete declaration, and where it will be necessary to bring another action or proceeding to settle the controversy, a declaratory judgment will not be granted. *Felton* v. *Chandler*, supra; Anderson on Declaratory Judgments, Ch. 5, p. 175. Also, it is not the purpose of the act to declare what would be a defense to a possible action for damages, where the declaration would not also serve as a guide for future conduct.

For the foregoing reasons this court is without jurisdiction and the writ of error is dismissed without prejudice as to any queston adjudicated below.

*Sutton, C. J., concurs. Parker, J., concurs, in the judgment.*