37590.   GENERAL MACHINERY CORPORATION *v.* BEST SUPPLY COMPANY.

DECIDED MARCH 11, 1959.

*Grady E. Rozar*, for plaintiff in error.

*Ben T. Beasley, Jr.*, contra.

TOWNSEND, Judge. Code § 20-906 provides: "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other other whatever he has received by virtue of the contract, if it be of any value." The elements necessary to be shown in such an action are that the representations of the vendor were material and knowingly false; that they were made for the purpose of inducing the purchaser to enter into the contract; that he relied upon the false misrepresentations and was thereby induced to act, and that he did so to his injury. Rescission, where the right to rescind is not expressly reserved, cannot be had for mere constructive fraud or breach of warranty, but the fraud must be actual. *Hendley* v. *Chambliss*, 30 *Ga. App.* 736 (119 S. E. 351). "If the sale is so tainted with fraud as to authorize the principal to rescind for fraud, upon such rescission an action may be maintained either by the principal or the agent for the recovery of the purchase-money, as for money had and received." *King* v. *Dobbs*, 30 *Ga. App.* 441 (5) (118 S. E. 428). It follows that an action such as this, considered as an action for money had and received, can be sustained only if the allegations and proof are sufficient to show such fraud on the part of the vendor as

to justify the ex parte rescission by the vendee. That this petition contains these essential elements, and is not subject to general demurrer, see *Mosely v. Johnson*, 90 *Ga. App.* 165 (82 S. E. 2d 163). The petition fails to show whether or not the contract between the parties was in writing, and, if in writing, whether or not all warranties were waived by the vendee, and accordingly the argument of the plaintiff in error going to these questions is beyond the scope of our examination at this time. "No form of or limitation in a warranty will protect a party from a rescission of a contract on the ground that it was induced by actual fraud." *Dove v. Roberts & Co.*, 50 *Ga. App.* 321 (178 S. E. 169).

A party cannot, of course, rescind on the ground of fraudulent misrepresentations of the vendor if, in the exercise of reasonable diligence, he could have ascertained for himself that the representations were untrue. *Mosely v. Johnson*, 90 *Ga. App.* 165, supra; *Lewis v. Foy*, 189 *Ga.* 596 (6 S. E. 2d 788). The petition here alleges that the defendant showed the plaintiff the machinery in question; accordingly it would seem that as to certain of the representations, such as the length of the boom, even a casual inspection would have disclosed their falsity and the plaintiff could not rely on such statements as grounds of actionable fraud. There are other alleged misrepresentations, however, as to the dangerous condition of the machinery, which this court cannot hold as a matter of law would have been revealed to the purchaser on such inspection, and, as to these, a jury question is presented. Only the petition can be considered as against a general demurrer thereto, and the petition makes no allegations from which it might reasonably be inferred that the defendant by written contract accepted the machinery in an "as is" condition. Evidence that the plaintiff purchased the equipment under such a contract would constitute a defense upon the trial of the case, unless it further appeared that the limitation of warranty was itself obtained by such fraud as to vitiate the contract.

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*