26310. BURSON et al. v. FAITH.

ARGUED FEBRUARY 9, 1971—DECIDED APRIL 12, 1971—
REHEARING DENIED MAY 6, 1971.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General,* for appellants.

*Houston White, Sr.,* for appellee.

FELTON, Justice. ■ This is an appeal from a judgment rendered in favor of Roy Lee Faith which permanently enjoined R. H. Burson, individually, and D. S. Harris, individually, from suspending or revoking the license of Mr. Faith pursuant to the provisions of the "Implied Consent Law" (Ga. L. 1968, pp. 448, 452, § 47A, subparagraphs (a), (b) and (c); *Code Ann.* §§ 68-1625, 68-1625.1). The venue of the issues in this case does not and did not lie in DeKalb Superior Court as to R. H. Burson for reasons hereinafter stated and, therefore, the judgment must be reversed with direction that the complaint against him be dismissed without prejudice. The judgment against Harris is reversed for the reason stated in Division 3 of the opinion.

The plaintiff in the complaint originally made a party to the case R. H. Burson, as Director of the Department of Public Safety, alleging that he was a resident of DeKalb County. The complaint further originally alleged that R. H. Burson was sued as director of the divisions of the department. Paragraph 3 of the original complaint alleged: "This case involves the following Divisions of the Department of Public Safety of the State of Georgia, among others, to wit: Georgia State Patrol; Drivers License Bureau; Accident Reporting; Safety Responsibility; and Identification & Investigation Bureau, each of which said Colonel R. H. Burson is the director." Paragraph 4 of the complaint alleges: "That in said Department of Public Safety is a Division of Revocation and Suspension of Automobile Drivers License Unit. Captain D. S. Harris, Jr., a Captain of said Georgia Bureau of Investigation supervises the operation of said Revocation and Suspension Unit." Paragraph 6 of the complaint alleges: "That said Captain D. S. Harris, Jr., is named as defendant herein, and is a resident of said state, De-Kalb County."

The defendants moved to quash the temporary restraining order and to dismiss the complaint. In support of this motion the affidavit of R. H. Burson, to the effect that he resided in Carroll County, Georgia, was admitted in evidence. Paragraph 1 of an amendment to the complaint alleges: "That defendant, Captain David Stanley Harris, Jr., is a resident of 2165 Glendale Drive, Decatur, DeKalb County, Georgia, where he resided at the time the suit was filed and for a long time before same; that he has been a member of the Georgia State Patrol, and a captain therein, for a number of years, and was appointed as supervisor of the Driver's License Revocation and Suspension Department by Honorable Colonel Lowell Conner at the time said Conner, in 1966, was the Director of said department, and said defendant, Harris, holds his office under the merit system; that he now holds the same office as Supervisor of said Revocation and Suspension Unit under Colonel R. H. Burson, who is now the director of said department; that defendant Burson does not do any actual paper work in said Department, but he is the superior officer of Defendant Harris, who is subject to his direction within the law; that the revocation and suspension of driver's licenses under the law is done entirely

in the department over which defendant Harris is the supervisor, whether or not said revocation and suspension is done under and by virtue of the implied consent provisions of the 1968 law which provided for the compulsory taking of breath tests, and for hearings by one of four hearing officers, appointed by defendant Harris, to wit: Lieutenant Daley, Sergeant Taylor, Sergeant Kull, and Sergeant Rayford; that when defendant Harris is out of the City of Atlanta and away from the capitol, Lieutenant J. B. Daley, one of said hearing officers, is in charge of the Revocation and Suspension Unit; that said hearing officers are assigned to a case by defendant Harris, or Lieutenant Daley may assign the hearing officer."

The plaintiff amended his complaint by striking paragraph 2 of the original complaint which alleged that the Department of Public Safety of the State of Georgia, an agency of the State of Georgia, is named as defendant and added the following allegations in paragraphs of the amendment numbered 2 through 7:

"2. Plaintiff strikes the allegations of paragraph three from the petition, and in lieu thereof alleges as follows: That Colonel R. H. Burson is the director of the Department of Public Safety of the State of Georgia, including the Drivers License Bureau of which defendant Captain D. S. Harris, Jr. is the supervisor as alleged in paragraph four of the original petition.

"3. Plaintiff amends paragraph five of the petition by striking same and adding in lieu thereof the following allegations: That Colonel R. H. Burson, who is director of said Department of Public Safety, and each of its divisions, is named as an individual defendant herein, and is a resident of said State and Carroll County.

"4. That the following allegations be added to the allegations of paragraph six: 'That this petition is filed against said Captain D. S. Harris, Jr. as an individual. That this suit does not proceed against the State of Georgia or any of its departments, but proceeds solely against said two individual defendants, as individuals only, and not as officials thereof, it being alleged that the acts of said defendants against which relief is sought was done under the alleged authority of the portions of said implied consent act described in paragraph twenty-six of the original petition which

were alleged to be contrary to the constitution of the State of Georgia, and, therefore, null and void, as set forth in said original petition, as amended.'

"5. That the word 'Marion' be stricken from line one of paragraph eight.

"6. Plaintiff amends paragraph twenty-one by adding to paragraph twenty-one the following sentence: That said act of defendant Harris in the portions suspending plaintiff's drivers license was done under the authority of the portions of said implied consent act described in paragraph twenty-six of the original petition which were alleged to be unconstitutional, null, and void, as set forth in said original petition, as amended.

"7. That the facts upon which venue in this case in DeKalb County is passed are set forth in the original petition as against individual defendant Captain D. S. Harris, Jr., a resident of DeKalb County, State of Georgia, showing the substantial relief is prayed against him, and particularly that part of the original petition pleaded in exhibit A, and the residence of Captain Harris as pleaded in paragraph six of the original petition as amended in this amendment, and his alleged actions with respect to the suspension of plaintiff's driver's license and other similar cases are pleaded in paragraph sixteen through the remainder of the original petition, and each of the paragraphs pleaded in the first amendment to the petition, as has been ruled by the Supreme Court of Georgia in the case of Martin v. Approved Bancredit Corp., 224 Ga. 550."

The appellant Burson's motion to dismiss as to him on the ground that the venue of the action as to him is in Carroll County should have been sustained. Since no activity in individual capacity is alleged and since none could be alleged to authorize the relief sought, under the allegations of the petition the only theory upon which the appellee could proceed is on the theory that the two appellants were acting under color of their offices. In such case they were required by law to act as they did until the statute here attacked is held to be unconstitutional. They, therefore, were not at the time of their actions guilty of any joint wrongdoing. They were not guilty of concerted action which would authorize a complaint against either of them outside of his own county. There-

fore, the complaint against Burson must fall for lack of venue as to him. There is nothing held in *Fleisher v. Duncan,* 195 Ga. 309 (1) (24 SE2d 15) which conflicts with this conclusion.

■ Conceding, but not deciding, that such a meritorious complaint as this could be filed against an inferior officer such as Harris, who was operating under authority delegated to him by his superior officer, Burson, so as to give venue insofar as Harris is concerned, we think that the appellee would have no standing to attack the constitutionality of the "Implied Consent" law until he had exhausted his administrative remedies under the law which provides for an appeal of the action taken against appellee to the superior court of the county of his residence, or that of Fulton County. *Code Ann.* § 3A-120 (Ga. L. 1964, pp. 338, 354). This appeal seems to be the exclusive remedy since there seems to be no provision of the law providing how the Department of Public Safety, or any official thereof, may be sued and stating who is to be served. Such an appeal would afford as full and complete a remedy as a complaint in equity. Every defense available may be made on such an appeal. Where no effort is made to exhaust available administrative remedies, if adequate, equity will not intervene. *Otwell v. West,* 220 Ga. 95 (137 SE2d 291); *Bedingfield v. Parkerson,* 212 Ga. 654, 660 (1) (94 SE2d 714). ·

The motion to dismiss as to appellant Burson should have been sustained.

The judgment in favor of the appellee as to appellant Harris is reversed without prejudice.

*Judgments reversed. All the Justices concur.*