26972. GUICE v. POPE.

SUBMITTED FEBRUARY 15, 1972—DECIDED APRIL 20, 1972—
REHEARING DENIED MAY 3 AND MAY 18, 1972.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.

MOBLEY, Chief Justice. This appeal is from the sustaining of a motion to dismiss a complaint based on the ground that the court is without jurisdiction.

J. I. Guice brought his petition in Fulton Superior Court against "Ray Pope, Director, Department of Public Safety," alleging that: After the dismissal of charges of traffic violations against the appellant in the City Court of Atlanta, the judge ordered him to surrender his driver's license, "stating that upon satisfactory examination by the Department of Public Safety it would be returned to him." The license is now held by the Department of Public Safety. A valid demand was made for the license and its return refused, "it being stated that it was being held under an order of the said court pending a satisfactory examination." The order of the judge was void, and the license should be delivered to him. He has been deprived of a valuable right without due process of law.

It was prayed that the defendant be temporarily restrained and permanently enjoined from enforcing the order of the City Court of Atlanta, that the license be returned to him by the Department of Public Safety pending final hearing in the case, and that the license be returned to him permanently upon the hearing.

Temporary restraining order was granted, and it was ordered that the license be delivered to the appellant pending the final hearing in the case.

The defendant, Ray Pope, Director of the Department of Public Safety, moved to quash the temporary restraining order and dismiss the action upon the ground that the court is without jurisdiction, since the defendant (appellee) is a resident of Ware County, Georgia. The motion was supported by affidavit of the appellee.

The motion was granted, the complaint dismissed, and the temporary order vacated.

The appellant argues in his brief that the action was not brought against Ray Pope individually, but in his representative character as Director of the Department of Public Safety, the jurisdiction of which department is in Fulton County.

*Code Ann.* § 92A-422 (Ga. L. 1951, pp. 598, 604) provides that upon the suspension of a driver's license, a hearing

shall be granted on demand before an authorized agent of the Department of Public Safety, which hearing shall be had in the county of the driver's residence. *Code Ann.* § 92A-423 (Ga. L. 1951, pp. 598, 605) provides that the decision of such agent of the Department of Public Safety shall be final unless the person whose license has been suspended shall desire an appeal, in which case he shall have the right to enter an appeal to the court of the county of his residence, other than a justice's court, having jurisdiction of misdemeanor cases, after notice to the Director, in the same manner as appeals are entered from the court of ordinary, except that he shall not be required to pay the costs in advance.

This appeal from an unfavorable ruling by the agent of the Department of Public Safety is the remedy provided by law for action against the Department of Public Safety to contest the suspension of a driver's license. A court of equity will not take jurisdiction of an action where an administrative remedy is provided by statute. Compare *Burson v. Faith,* 227 Ga. 526, 530 (181 SE2d 827).

As an action against the appellee individually, the complaint cannot be maintained, since he is not a resident of Fulton County.

The trial judge properly dismissed the complaint.

*Judgment affirmed. All the Justices concur, except Nichols and Hawes, JJ., who concur in the judgment only.*

NICHOLS, Justice, concurring in the judgment. The case of *Burson v. Faith,* 227 Ga. 526 (181 SE2d 827), being against two officers of the Department of Public Safety, was an action against them personally and was properly held to have been brought in the wrong county.

*Code* § 37-120 provides: "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law; but a mere privilege to a party to sue at law, or the existence of a common law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction." This same rule of equity is stated in reverse in *Code* § 37-102 as follows: "Equity juris-

diction is established and allowed for the protection and relief of parties, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done."

The General Assembly by providing for hearings within the Department of Public Safety, and thereafter for appeals to the Superior Court has waived sovereign immunity insofar as the suspension of driver's licenses is concerned. Thus a remedy at law is provided, and where a remedy at law is provided an equitable suit may be filed where such relief is not as complete or effectual. Therefore, the question is presented as to whether the remedy at law is as complete or effectual as equitable relief, and a review of the allegations of the complaint, construing them as we must most favorably to the complainant, is necessary to determine this issue.

The complaint shows that the Department of Public Safety has possession of the complainant's operator's license, that such possession was obtained by order of court taken after charges against him were dismissed. There is no authority of law for any court to suspend or revoke an operator's permit when the defendant before the court is acquitted. It cannot be gainsaid that dismissal of the charges is not tantamount to acquittal. Accordingly, the suspension of the operator's permit was void.

The suspension was ordered by the Traffic Court of Atlanta. If the Civil Practice Act is not applicable to such court, then under *Code* § 110-701 the judgment being void could be attacked in any court. If the Civil Practice Act is deemed applicable, then such judgment may be attacked in equity in any superior court of appropriate jurisdiction. *Code Ann.* § 81A-160 (b).

According to the further allegations of the complaint, the operator's license is in the possession of the Department of Public Safety and a demand for its return has been refused upon the ground that it is being held under order of court pending satisfactory examination. Would an administrative hearing afford adequate relief? Can an administrative

agency of the Executive Branch of State Government declare a court order or judgment void? The answer is obviously no to both questions and, therefore, an adequate remedy at law does not exist insofar as the complainant is concerned, and he is entitled to proceed in equity against the Department of Public Safety to secure the return of his operator's license based upon the allegations of his complaint.

The remaining question is whether the action is one against the Department of Public Safety or against Ray Pope, the director of such department. The complaint alleges: "The defendant, Ray Pope, Director, Department of Public Safety, is a resident of Fulton County, Georgia, and is subject to the jurisdiction of this court. . ." Such allegation must be construed as naming Ray Pope as the defendant and the language following his name "Director, Department of Public Safety" as descriptio personae. Under such circumstances, the action, while seeking relief to which the complainant is entitled in equity, must be construed as an action against the person holding the office of Director of the Department of Public Safety and not against the Department. For this reason alone, and not because the complainant must exhaust ineffective administrative remedies, I would affirm the judgment of the trial court.

I am authorized to state that Mr. Justice Hawes joins me in this special concurrence.