39188. GEORGE et al. v. DEPARTMENT OF NATURAL RESOURCES OF THE STATE OF GEORGIA et al.

HILL, Chief Justice.
This is an appeal from the dismissal of a complaint seeking declaratory and injunctive relief which was filed by Heard County and several residents and landowners therein, including a corporation. The plaintiffs named four defendants: Earth Management, Inc., the Department of Natural Resources of the State of Georgia (DNR), the Environmental Protection Division of DNR (EPD), and J. Leonard Ledbetter, in his capacity as Director of EPD. This suit was filed after Earth Management, Inc., applied to EPD for a permit to construct and operate a landfill for hazardous waste disposal in Heard County. That application is now pending before EPD. The plaintiffs seek a declaratory judgment that the Georgia Hazardous Waste Management Act, OCGA § 12-8-60 et seq. (Code Ann. § 43-2901 et seq.), and the rules promulgated thereunder, pursuant to which the permit at issue would be reviewed, are unconstitutional. The plaintiffs also seek to enjoin the defendants

from taking any further action with regard to the permit application. The trial court dismissed the complaint.

The state concedes that the plaintiffs in this case have standing to participate in the administrative process. See OCGA §§ 12-8-66 (h), 12-8-73, 12-2-2 (c) (2) (Code Ann. §§ 43-2907, 43-2914, 40-3519, 40-35162). Because of the availability of an administrative procedure, this case is controlled by *Flint River Mills v. Henry,* 234 Ga. 385, 386-87 (216 SE2d 895) (1975), where this court held: "We recognize that where the constitutional validity of a statute is challenged before an administrative hearing officer or board, such officer or board is powerless to declare the Act unconstitutional, and resolution of the constitutional question must await judicial review on appeal. Thus the making of such constitutional challenge before the hearing officer or board appears futile at the time of its making.

"However, we view with grave concern the possible disruption of administrative procedures if courts, including this court on appeal, commence exercising jurisdiction to enjoin administrative proceedings already in progress and to issue declaratory judgments as to decisions about to be made by administrative tribunals.

"The decisions of this court hold that where a statute provides a party with a means of review by an administrative agency, such procedure is generally an adequate remedy at law so as to preclude the grant of equitable relief. *Bishop v. Bussey,* 164 Ga. 642 (2) (139 SE 212); *Guice v. Pope,* 229 Ga. 136 (189 SE2d 424).

"Other decisions hold that an action for declaratory judgment will not be entertained where the rights of the parties have already accrued and the plaintiff faces no risk of taking future undirected action. *Salomon v. Central of Georgia R. Co.,* 220 Ga. 671, 672 (141 SE2d 424); *Holcomb v. Bivens,* 103 Ga. App. 86 (118 SE2d 840), and cases cited. This rule is particularly applicable where the rights of the parties have accrued and those rights are actually in the process of being adjudicated by another tribunal. In our view, courts should not render advisory opinions (declaratory judgments) to administrative tribunals as such tribunals proceed, step by step, to perform their administrative function."

*Flint River Mills v. Henry,* supra, was followed in *Brogdon v. State Bd. of Veterinary Medicine,* 244 Ga. 780, 781 (262 SE2d 56) (1979), where we reiterated that "Where a statute provides a party with a means of review by an administrative agency, such procedure is generally an adequate remedy at law so as to preclude the grant of equitable relief."

Plaintiffs rely upon OCGA § 9-4-2 (Code Ann. § 110-1101), particularly paragraph (c), as affording them the right to sue for declaratory judgment notwithstanding the pendency of the ad-

ministrative proceeding. If we were to adopt this argument, then all questions pending before administrative tribunals could be decided by the courts in declaratory judgment actions and the beneficial purposes of administrative tribunals would be frustrated. See *Bentley v. Chastain,* 242 Ga. 348 (1) (249 SE2d 38) (1978).

In *Shippen v. Folsom,* 200 Ga. 58 (5) (35 SE2d 915) (1945), this court noted that courts should not render declaratory judgments where other statutory remedies have been specifically provided, if the effect would be to interfere with the rights of the parties under the special statutory remedy. *Shippen v. Folsom,* supra, has been followed since the 1959 amendment to our declaratory judgment law. Ga. L. 1959, p. 236. *Pinkard v. Mendel,* 216 Ga. 487 (3) (117 SE2d 336) (1960). Hence, OCGA § 9-4-2 (Code Ann. § 110-1101) does not entitle plaintiffs to relief.

Plaintiffs urge that OCGA § 50-13-10 (Code Ann. § 3A-111) authorizes them to obtain declaratory judgment as to the validity of the rules enacted pursuant to the Hazardous Waste Management Act, supra. OCGA § 50-13-10 (Code Ann. § 3A-111) is not applicable here because plaintiffs' contention is that the Act is unconstitutional and hence the rules promulgated thereunder are unconstitutional. The case of *Pope v. Cokinos,* 231 Ga. 79 (2) (200 SE2d 275) (1973), relied upon by plaintiffs, is therefore inapplicable here because Cokinos attacked only the rules of the Department of Public Safety. OCGA § 50-13-10 (Code Ann. § 3A-111) does not entitle plaintiffs to relief.

Plaintiffs rely upon *Cravey v. Southeastern Underwriters,* 214 Ga. 450 (105 SE2d 497) (1958), for the proposition that they have the right to enjoin an administrative proceeding where the administrator lacks jurisdiction or power to act. In *Cravey,* the administrator, without a hearing, suspended a rate increase he previously had approved and which had gone into effect. The aid of equity was necessary to protect the insurance companies from loss of revenue pending the administrative hearing. Similarly, *Pope v. Cokinos,* supra, involved the suspension of plaintiff's driver's license. No emergency situation requiring equitable relief such as was present in *Cravey* and *Pope,* supra, is present here.

For the foregoing reasons, we affirm the dismissal of the complaint.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 1983.

*Morris & Manning, Barry B. McGough, David A. Rabin,*

*Sanders, Mottola, Haughen & Goodson, Charles L. Goodson,* for appellants.

*Alston, Miller & Gaines, G. Conley Ingram, Nill V. Toulme, Michael J. Bowers, Attorney General, Carl C. Jones, Assistant Attorney General,* for appellees.