### 67106. BENTON v. GWINNETT COUNTY BOARD OF EDUCATION.

QUILLIAN, Presiding Judge.

Appellant was a high school student who, after a hearing, was disciplined for violation of a school no smoking rule by suspension from attendance for one quarter by appellee school board. The suspension authorized appellant to attend an alternative school where smoking was permitted in a designated area but appellant did not choose to do that. The school board's action was taken on December 14, 1982. On the same date appellant commenced this action against the board alleging denial of equal protection and due process and seeking to temporarily enjoin enforcement of the no smoking rule, to invalidate the rule, and an order that he be returned to school during the pendency of the litigation. Appellee answered and, among other things, alleged the defense of failure to exhaust administrative remedies. Appellant thereupon instituted an appeal to the State Board of Education on January 17. After an evidentiary hearing on January 27, the trial court denied appellant's request for an interlocutory injunction and granted appellee's motion to dismiss by an order of February 15. Appellant filed a motion for new trial. In mid April the State Board of Education found that the appeal was moot and dismissed it. In May the trial court considered the motion for new trial and the following stipulated supplemental facts: The decision of the State Board of Education, that appellant's suspension ended on March 14 and that he did not return to school as he had formally withdrawn from the school, that he withdrew because of the no smoking rule, and that appellant was in school in another state. The motion for new trial was denied, from which this appeal is

taken. *Held:*

"(a) Every county, city, or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law . . . and when such local board has made a decision, it shall be binding on the parties. (b) Any party aggrieved by a decision of the local board rendered on a contested issue after a hearing shall have the right to appeal therefrom to the State Board of Education . . . (c) Where an appeal is taken to the state board . . . [a]ny party aggrieved (by its decision) may appeal to the superior court of the county wherein the local board of education is situated." OCGA § 20-2-1160 (Code Ann. § 32-910).

As appellant could not appeal to superior court until after his appeal to the State Board of Education was completed, and did not take a writ of certiorari to superior court from the local board's decision (see *Rockdale County School District v. Weil,* 245 Ga. 730 (1) (266 SE2d 919)), we treat appellant's complaint as one for declaratory judgment.

"No proceeding lies under the declaratory judgments acts to obtain a judgment which is merely advisory or which merely answers a moot or abstract question. [Cit.]" *Shippen v. Folsom,* 200 Ga. 58 (4), 59 (35 SE2d 915).

Where a declaratory judgment action was filed to determine the rights and liabilities of parties to a document and the date of expiration of the document relied upon arrived before a motion for new trial was heard and appeal was taken from the denial of a new trial, we held that the questions in the case had become moot and dismissed the appeal. *Consolidated Quarries Corp. v. Davidson,* 79 Ga. App. 248 (53 SE2d 231).

" 'The issue has ceased to be live or practical, because the facts have changed . . . by alteration in the circumstances of the parties or subject matter, so as to make the judgment not decisive or controlling of actual and contested rights, but a pronouncement having academic interest only.' " Id. at 251.

In the instant case as it appears that appellant's period of suspension has long since expired, and that he has withdrawn from the school and is attending school in another state, we find that the case is now moot.

Moreover, we do not believe that the action was properly brought in superior court because at the time it was commenced appellant had not instituted or concluded his administrative remedy to the State Board of Education or filed a writ of certiorari in superior court. Compare, *Wooten v. Atlanta,* 149 Ga. App. 568 (254 SE2d 889); and *George v. Dept. of Natural Resources,* 250 Ga. 491 (299 SE2d

556), where it was noted at 493 "that courts should not render declaratory judgments where other statutory remedies have been specifically provided, if the effect would be to interfere with the rights of the parties under the special statutory remedy."

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 20, 1983.

*Alden W. Snead,* for appellant.
*J. Larry Edmondson,* for appellee.