69752. GARY et al. v. E. FRANK MILLER CONSTRUCTION COMPANY, INC.
(333 SE2d 392)

McMURRAY, Presiding Judge.

Plaintiff and defendants entered into a contract under which plaintiff was to build a house for defendants. Subsequently, prior to completion of the house, the parties entered into a *"CONTRACT OF RESCISSION AND RELEASE"* whereby the construction contract was rescinded, defendants agreed to pay plaintiff $2,200 for various expenses incurred in connection with construction of the house, and defendants released plaintiff from any liability in connection with the construction contract or construction of the house.

In connection with the execution of the rescission agreement defendants delivered to plaintiff their check for $2,200. Subsequently, defendants stopped payment on the check.

Plaintiff filed this action in three counts. Count 1 seeks a judgment in the amount of the check for $2,200 which was not paid. Count 2 alleges breach of contract by failure to pay the sum of $2,200. Count 3 alleges fraud and conversion by defendants having stopped

payment on the check.

Defendants' answer and counterclaim alleges that during the course of negotiations plaintiff knowingly made misrepresentations regarding the extent of work completed and regarding the status of certain outstanding obligations relating to the construction. Defendants allege that plaintiff misrepresented that the "framing, cornice and siding work had been completed in a workmanlike manner; that the brick on the driveway retaining wall was properly laid with wall ties; and that all roofing work and corrections thereto had been completed in a workmanlike manner." Defendants allege that they reasonably relied upon the plaintiff's misrepresentations in arriving at their decision to enter the rescission agreement. Defendants further allege that the defective conditions listed in their pleadings were of such nature as to constitute latent defects not reasonably discoverable by defendants.

Plaintiff moved for summary judgment predicated upon the affidavit of its president and the documentary evidence. Following the grant of plaintiff's motion for summary judgment, defendants appeal. *Held*:

The allegations of defendants' pleadings set forth a defense of actual fraud in the procurement of the contract of rescission and release. See in this regard *Bimbo Bldrs. v. Stubbs Properties*, 158 Ga. App. 280, 281 (279 SE2d 730); *General Machinery Corp. v. Best Supply Co.*, 99 Ga. App. 250 (108 SE2d 158).

"The opposing party in a summary judgment proceeding is under no duty to present counter evidence in opposition to the motion for summary judgment until the moving party has produced evidence demanding that judgment. See *Durrett v. Tunno*, 113 Ga. App. 839, 842 (2) (149 SE2d 826); *Watkins v. Nationwide Mut. Fire Ins. Co.*, 113 Ga. App. 801, 802-803 (149 SE2d 749); *Benefield v. Malone*, 110 Ga. App. 607, 610 (139 SE2d 500)." *Peoples Bank of Bartow County v. Austin*, 159 Ga. App. 223, 227 (2) (283 SE2d 81). Plaintiff has failed to produce any evidence which pierces defendants' pleadings by showing that essential elements of fraud and misrepresentation were lacking. Compare *U-Haul Co. of Western Ga. v. Dillard Paper Co.*, 169 Ga. App. 280, 282 (312 SE2d 618). Therefore, genuine issues of material fact remain for determination. *Alexander v. Boston Old Colony Ins. Co.*, 127 Ga. App. 783, 784 (2) (195 SE2d 277); *Gilbert v. Decker*, 165 Ga. App. 11, 12 (299 SE2d 65).

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 27, 1985 —
REHEARING DENIED JULY 12, 1985.

*Lawrence E. Burke*, for appellants.

*Carol V. Clark*, for appellee.