70638. MOSS et al. v. CENTRAL STATE HOSPITAL et al.
(335 SE2d 456)

CARLEY, Judge.

The instant case arose out of an investigation into the possible sexual abuse of a patient at Central State Hospital. The investigation followed an accusation by a patient that a hospital employee had engaged in sexual relations with her. The accused employee was given notice of dismissal and was informed that he had ten (10) days from receipt of that notice to appeal. Prior to the expiration of time within which the employee could appeal, one of the appellants, who are also hospital employees, made a statement that the patient had admitted in the presence of appellants that her accusation was false. An inter-

nal investigation was begun. Appellee-superintendent Myers Kurtz had earlier established a hospital-wide policy concerning the administration of polygraph examinations in internal investigations at the facility. Under this policy, an employee's failure to cooperate was ground for adverse action, probably dismissal. When appellants were ordered to submit to polygraph testing, they brought this proceeding, seeking a declaratory judgment as to their right to refuse to submit to the examination. Both appellants and appellees moved for summary judgment. The trial court granted summary judgment in favor of appellees. By the same order, appellants' motion for summary judgment was denied.

This court and the Supreme Court have repeatedly held that a petition for declaratory judgment will lie only where adjudication is necessary to protect the plaintiffs from taking future undirected action, "which action without direction would jeopardize their interests . . . ." *Pinkard v. Mendel*, 216 Ga. 487, 490 (117 SE2d 336) (1960), later appeal, 217 Ga. 562 (123 SE2d 770) (1962). See also *United States Fidelity &c. Co. v. Bishop*, 121 Ga. App. 75 (172 SE2d 855) (1970). "The liberality of construction as to whether resort to a declaratory judgment is available is determined by reference to whether any existing provision of law or equity will provide as complete protection as would a declaratory judgment with respect to some future action or conduct, as to the propriety of which a [rational] doubt exists." *Cohen v. Reisman*, 203 Ga. 684 (48 SE2d 113) (1948). The administrative remedy provided to state employees, such as appellants in the instant case, affords as complete protection as would a declaratory judgment. Cf. *Bailey v. Wilkes*, 162 Ga. App. 410, 412 (2) (291 SE2d 418) (1982). Should appellants refuse to submit to polygraph testing, any resulting action against appellants would have to be initiated in accordance with the Rules and Regulations of the State Personnel Board. Those rules require that the affected employee be given advance notice of the decision, that the employee be allowed to respond to the charges against him, and that he be permitted to appeal an adverse decision to the State Personnel Board. Any adverse decision by that tribunal could be appealed to the appropriate superior court and then to the appropriate appellate court pursuant to OCGA § 45-20-9. Appellants' rights thus are not jeopardized by having to take action without the benefit of a declaratory judgment.

Appellants contend that OCGA § 9-4-2 (c) gives them the right to sue for declaratory relief despite the availability of their administrative remedy. Addressing the same contention, the Supreme Court in *George v. Dept. of Natural Resources*, 250 Ga. 491, 493 (299 SE2d 556) (1983) noted that "[i]f we were to adopt this argument, then all questions pending before administrative tribunals could be decided by the courts in declaratory judgment actions and the beneficial pur-

poses of administrative tribunals would be frustrated. [Cit.]" It has long been the rule that declaratory judgments should not be rendered where other statutory remedies have been specifically provided, if the effect would be to interfere with the rights of the parties under the special statutory remedy. *Shippen v. Folsom*, 200 Ga. 58 (35 SE2d 915) (1945); *Pinkard v. Mendel*, supra; *George v. Dept. of Natural Resources*, supra. In *George v. Dept. of Natural Resources*, supra at 493, the Supreme Court specifically held that this rule applies pretermitting OCGA § 9-4-2 (c). Moreover, this rule applies not only when the other statutory remedy is in progress or is pending, but also when it is available but has not yet been instituted. *Benton v. Gwinnett County Bd. of Education*, 168 Ga. App. 533 (309 SE2d 680) (1983).

There being available a special statutory remedy which provides sufficient protection for the rights of the parties in the instant case, a declaratory judgment is not authorized. Accordingly, the trial court did not err in denying appellants' motion for summary judgment and in granting summary judgment in favor of appellees.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 13, 1985 —
REHEARING DENIED SEPTEMBER 20, 1985 —

*B. Carl Buice*, for appellants.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey, Jr., Senior Assistant Attorney General, Bryndis R. Jenkins, Assistant Attorney General,* for appellees.