74262. HIGGINBOTHAM et al. v. HOLLIDAY CONSTRUCTION COMPANY.
(357 SE2d 319)

McMURRAY, Presiding Judge.

Plaintiff is a partnership engaged in the business of paving contractor. The defendants are various tax officials of Elbert County. Named as defendants are Higginbotham, Tax Collector; Bond, Chairman of the County Board of Tax Assessors; the County Board of Equalizers; and Sanders, Tax Appraiser.

Plaintiff's complaint alleges that it has only one place of business which is located in Meriwether County, that plaintiff owns and operates machinery and equipment which is kept and used wherever required by job locations and is subject to removal at any time according to the exigencies of plaintiff's business; that plaintiff returned all of its machinery and equipment and was taxed thereon in Meriwether County; that one of plaintiff's projects is roadwork on the Richard Russell Dam Project involving construction work by plaintiff in both Elbert County and in the State of South Carolina; and that notwithstanding the proper return of taxes being made by plaintiff in Meriwether County, defendants have caused an assessment made and a tax bill rendered to plaintiff on the same machinery and equipment as taxed by Meriwether County. Plaintiff's complaint seeks a judgment declaring that plaintiff has no tax liability for the year 1981 to Elbert County and a judgment ordering defendants to refund the amount paid to the defendant tax collector of Elbert County in compliance with Code Ann. § 91A-1029 (now OCGA § 48-5-29) as a condition precedent to jurisdiction of the superior court. Defendants' answer, as amended, raises several defenses including the failure to join proper parties defendant and that the action is an effort to sue Elbert County, and therefore, barred by sovereign immunity.

Plaintiff filed its motion for judgment on the pleadings and attached affidavits supporting its position that Meriwether County was the proper taxing authority in regard to the machinery and equipment at issue, that plaintiff had made a proper tax return on its machinery and equipment in Meriwether County, and that the Elbert County assessment was improper.

The superior court considered plaintiff's evidence and treated plaintiff's motion for judgment on the pleadings as one for summary judgment. The court granted a motion for summary judgment in favor of plaintiff and against defendants. Defendants appeal. *Held*:

To prevail on motion for summary judgment, the movant has the burden to produce evidence which conclusively eliminates all genuine issues of material fact in the case. In the case sub judice, plaintiff presented no evidence to overcome defendants' above-mentioned defenses. Therefore, defendants were under no duty to present counter evidence in opposition to the plaintiff's motion. Genuine issues of material fact remain for determination and the superior court erred in granting summary judgment in favor of plaintiff and against defendants. *Gary v. E. Frank Miller Constr.*, 175 Ga. App. 443 (333 SE2d 392); *Walker v. Modnar Corp.*, 178 Ga. App. 374, 375 (1) (343 SE2d 148).

*Judgment reversed. Sognier, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree that the judgment must be reversed, but for a different reason. While there may be disputed issues of fact in this case, they are not material to the heart of the problem here. Thus I would not reverse and require the fuller development of the evidence and the determination of a factfinder, because to do so would be an exercise in futility.

Plaintiff brought a suit for declaratory judgment under OCGA § 9-4-2, contending that its property was not subject to ad valorem taxation in Elbert County because it was already being taxed in Meriwether County, where it was a resident and domiciliary. Plaintiff sought a declaration to this effect so as to avoid double taxation, and a refund of the 1981 taxes it had paid to Elbert County.

The legislature has provided an orderly administrative procedure for taxpayers to obtain refunds when they claim that the tax is erroneously or illegally assessed and collected. OCGA § 48-5-380. Subsection (c) provides that if the refund is denied by the governing authority (or is not acted on within a specified time), the taxpayer "shall have the right to bring an action for a refund in the superior court of the county in which the claim arises." As this Court twice said in *Marconi Avionics v. DeKalb County*, 165 Ga. App. 628, 629, 630 (302 SE2d 384) (1983), the statute "clearly" sets forth a procedure for obtaining tax refunds. The county governing authority has the power to hear and determine applications seeking refund, "to the extent of the interest of the county in the matter." OCGA § 48-5-241 (a).

Here there is no allegation that the taxpayer has exhausted the administrative remedy which keeps such a question out of the court system in the first instance and relegates it first to the taxing authority. That is, it has not been denied a refund by the governing authority or by the defendants. A declaratory judgment action is not an available remedy in these circumstances.

As in *Moss v. Cen. State Hosp.*, 176 Ga. App. 116, 118 (335 SE2d 456) (1985), "[t]here being available a special statutory remedy which provides sufficient protection for the rights of the parties . . ., a declaratory judgment is not authorized." There is no showing that the administrative remedy would not afford as complete protection as would a declaratory judgment. See also *George v. Dept. of Natural Resources*, 250 Ga. 491 (299 SE2d 556) (1983); *Ledford v. Dept. of Transp.*, 253 Ga. 717 (324 SE2d 470) (1985).

I recognize that in those two cases the administrative procedure was pending, raising the additional problem of interference with the administrative agency. But even if the present suit is pre-pendency, declaratory judgment is foreclosed. As restated in *Moss*, supra at 118, "this rule applies not only when the other statutory remedy is in progress or is pending, but also when it is available but has not yet been

instituted. *Benton v. Gwinnett County Bd. of Education*, 168 Ga. App. 533 (309 SE2d 680) (1983)." To allow otherwise would constitute another kind of interference, that being interference "with the rights of the parties under the special statutory remedy." *Moss*, supra at 118, and cases cited therein.

DECIDED MAY 15, 1987.

*E. Freeman Leverett, Cynthia G. Weaver*, for appellants.
*Robert L. Richards*, for appellee.