## A92A1814. CARGILL v. ZANT.
### (427 SE2d 809)

JOHNSON, Judge.

David Cargill, an inmate at the Georgia Diagnostic & Classification Center at Jackson, appeals from an order dismissing his pro se civil complaint for failing to state a cause of action. It appears from the record that the order was not a dismissal of the action but was actually a denial of the filing of the pleading pursuant to OCGA § 9-15-2 (d). We will therefore treat the order as such a denial.

"When a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading." OCGA § 9-15-2 (d). Cargill presented his pro se complaint against the prison warden, along with an affidavit of indigency, for filing in superior court. Cargill alleged that the department of corrections held a disciplinary action at which he was found guilty of damaging state property, that the department ordered him to pay restitution in the amount of $51

and further ordered that the $51 be seized from his inmate monetary account.[1] Cargill claimed that this seizure was improper. The department, however, has the authority to order such a seizure. "When an inmate offender has been ordered to make restitution for any damage to state property caused by such offender, the department may order the seizure of all moneys in or coming into the monetary account of the inmate offender." OCGA § 17-14-13 (d). Cargill's pleading has not set forth a justiciable issue of law or fact. Although he claims that the department's seizure of his money was improper, he has alleged no facts supporting that claim. The bald assertion of impropriety is insufficient absent specific allegations as to how the department's conduct violated OCGA § 17-14-13 (d). Accordingly, the court did not err in denying the filing of his action.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 5, 1993 —
RECONSIDERATION DENIED FEBRUARY 19, 1993.

David Cargill, *pro se.*
Michael J. Bowers, Attorney General, William F. Amideo, Assistant Attorney General, for appellee.

---

[1] Cargill acknowledges in his brief that prior to the trial court's order denying the filing of his complaint, the department's order of restitution and seizure of money from his inmate account was set aside.