## S95A0824. WILLIAMS v. SKANDALAKIS et al.
### (461 SE2d 226)

BENHAM, Chief Justice.

Acting pro se and asserting his status as a pauper, seeking thereby to avoid the payment of costs, Williams filed a complaint in the Superior Court of Fulton County in which he sought various forms of damages and injunctive relief against various officials and employees of Fulton County, the City of Atlanta, the City of East Point, and DeKalb County. The superior court denied filing of the complaint under OCGA § 9-15-2 (d), which requires that such complaints be reviewed prior to filing and that filing be denied

> if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading . . .

Id. Since our review of the complaint indicates that the trial court was correct in concluding that Williams's complaint met that standard, we affirm the judgment denying filing. Our ruling makes moot Williams's motion in this Court for a writ of mandamus directed to the court below, and that motion is, therefore, dismissed.

The claims asserted in the complaint may be divided into two categories: those seeking invalidation of zoning and animal control legislation on constitutional grounds, and those alleging wrongdoing by officials. The claims regarding the constitutionality of various legislative enactments do not present justiciable issues because there is no allegation that Williams has exhausted his administrative remedies with regard to such matters, which is necessary before equity will intervene. *Burson v. Faith*, 227 Ga. 526 (181 SE2d 827) (1971). The claims alleging wrongdoing by officials do not present justiciable issues because no facts have been alleged showing illegal conduct; bald assertions of impropriety are insufficient absent specific allegations as to how the defendant's conduct violated the law. *Cargill v. Zant*, 207 Ga. App. 393 (427 SE2d 809) (1993).

Because the claims asserted either failed to show that they were ripe for adjudication or failed to allege sufficient facts, they were facially invalid and did not serve to put the defendants on notice of

the existence of a claim against them. See *Hawkins v. Rice*, 203 Ga. App. 537 (417 SE2d 174) (1992). The trial court was, therefore, correct in denying filing.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 1995 —
RECONSIDERATION DENIED OCTOBER 2, 1995.

Mitchell Williams, *pro se.*

*Ellis, Funk, Goldberg, Labovitz & Campbell, William C. Campbell,* for appellees.