42729. MOSS et al. v. CENTRAL STATE HOSPITAL.
(339 SE2d 226)

CLARKE, Justice.

We granted certiorari in this case to decide whether a government employee faced with discharge for refusing to submit to a polygraph test must exhaust all administrative remedies before seeking a declaratory judgment as to the legality of the requirement that she submit to the test.

This case arose out of an accusation by a patient at Central State Hospital that a hospital employee had engaged in sexual relations with her. One of the appellants made the statement that the patient had admitted in the presence of the appellants that she had lied. As part of an internal investigation appellants were ordered to submit to a polygraph test. Under hospital policy concerning internal investigations, an employee's refusal to submit to a polygraph test is grounds for dismissal. Appellants filed a suit for declaratory judgment. The trial court granted the hospital's motion for summary judgment and denied appellants' motions for summary judgment. The Court of Appeals affirmed, finding that since appellants had available a statutory remedy, an action for declaratory judgment was not authorized. *Moss v. Central State Hosp.*, 176 Ga. App. 116 (335 SE2d 456) (1985). We reverse.

The Court of Appeals, relying upon our decision in *George v. Dept. of Natural Resources*, 250 Ga. 491 (299 SE2d 556) (1983), found that the availability of the administrative remedy now precludes use of the declaratory judgment. In our holding in *George v.*

*Dept. of Natural Resources,* supra, we found that OCGA § 9-4-2 does not generally entitle a plaintiff to seek declaratory relief notwithstanding the availability of an administrative remedy. The important question is whether the relief available through the administrative remedy is adequate.

The Court of Appeals noted in its opinion that this court and the Court of Appeals have repeatedly found that an action for declaratory judgment will lie only when necessary to protect plaintiffs against the risk of undirected future action which would jeopardize their interests. *Pinkard v. Mendel,* 216 Ga. 487 (117 SE2d 336) (1960), later appeal, 217 Ga. 562 (123 SE2d 770) (1962).

In the case before us the Court of Appeals found that the administrative remedy available to appellants protected their interests as fully as would declaratory judgment. We cannot agree. In order to pursue the administrative remedy appellants must refuse to take the polygraph tests and risk dismissal. Although they could appeal the dismissal, they would run the risk that they would not prevail and would not be reinstated. However, if they are allowed to bring a declaratory judgment action, there is no risk of dismissal. Appellants' opposition to the polygraph test is based on their belief that the hospital cannot legally require that they submit to it. There is no indication that they would refuse the test if its administration is declared legal in a declaratory judgment action.

We recognize the requirement of exhaustion of administrative remedies as a valuable tool which smoothes the flow of the governmental process. The removal of the exhaustion requirement would encumber government with needless interruptions and burden the courts with decisions which are more executive than judicial. For this reason, only in rare instances will the requirement of exhaustion be relaxed. This will be the case only when the administrative remedy exacts a price which causes it to be no remedy at all. If an agency imposed an exorbitant fee as a prerequisite to a remedy, the remedy would be rendered useless. Similarly, if the remedy is available only upon exposure to loss of livelihood, it lacks the basic ingredients of adequacy. This is a circumstance which faces the appellants in this case. *George v. Dept. of Natural Resources,* supra, is distinguishable because the rights of the parties had accrued and the plaintiffs would not put themselves in jeopardy by pursuit of an administrative remedy.

Therefore, the Court of Appeals' affirmance of the trial court's grant of summary judgment to defendants is reversed and the case is remanded.

*Judgment reversed and remanded. All the Justices concur, except Marshall, P. J., who concurs in the judgment only and Gregory, J., not participating.*

DECIDED FEBRUARY 12, 1986.

*George & Buice, B. Carl Buice,* for appellant.
*Michael J. Bowers, Attorney General, Bryndis R. Jenkins, Assistant Attorney General,* for appellee.