## A90A1516, A90A1517. THOMAS v. GEORGIA BOARD OF DENTISTRY et al.
### (398 SE2d 730)

BANKE, Presiding Judge.

The appellant, a licensed dentist, brought the present action for declaratory and injunctive relief against the Georgia Board of Dentistry and William Miller, Jr., as Joint Secretary of the State Examining Boards, seeking to prevent the Board of Dentistry from taking action against him based on an opinion of the Georgia Attorney General to the effect that certain procedures being performed by him were not within the lawful scope of the practice of dentistry in Georgia. Case No. A90A1516 is an appeal from an order denying his application for a temporary restraining order and interlocutory injunction in that action, while case No. A90A1517 is an appeal from a subsequent order granting summary judgment to the appellees and dismissing the complaint. The appeals were originally directed to the Georgia Supreme Court, which transferred them to this court.

The appellant's practice is limited to the neuromuscular evaluation and treatment of patients suffering from head, neck and face pain and temporomandibular joint (TMJ) pain and dysfunction. In August of 1989, appellee Miller, at the request of the Board of Dentistry, sought an opinion from the Georgia Attorney General as to whether six therapeutic and diagnostic procedures employed by the appellant in the diagnosis and treatment of TMJ disorders were within the scope of the practice of dentistry in this state as set forth in OCGA § 43-11-17. In response, the Attorney General issued an official opinion to the effect that a medical license was needed to perform the procedures in question and that performance of the procedures by someone not holding a medical license would constitute a felony under OCGA § 43-34-46. Op. Att'y Gen. 89-49. The board thereupon notified the appellant by letter that it had received and investigated certain complaints against him concerning his performance of "diagnostic and therapeutic procedures in the treatment of temporomandibular disorders" and had concluded, based on the opinion of the Attorney General, that his performance of these procedures "constituted the practice of medicine without a license."

While the appellant was informed that administrative proceedings would not be initiated against him "based on the complaints already before the board," he was further advised that "future performance of any of the enumerated procedures [would] be viewed as grounds for both the initiation of administrative proceedings against your license to practice dentistry in this state, as well as referral of the matter to the Composite State Board of Medical Examiners for any action they may deem appropriate." The appellant then filed the present action, contending that the opinion of the Attorney General

was based on a mistaken definition of the word "jaw" and that the board's action in adopting it constituted an unconstitutional exercise of legislative authority by an executive agency. The trial court granted summary judgment to the appellees based upon a determination that the appellant had failed to exhaust his administrative remedies before bringing the action. *Held*:

1. OCGA § 50-13-19 (a) provides, in pertinent part, as follows: "Any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter [the Administrative Procedure Act]. . . . *A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.*" (Emphasis supplied.)

It has not been suggested what administrative remedies were available to the appellant under the circumstances of the present case. The board had, in effect, dismissed all pending complaints against him; and under OCGA § 43-11-48 (a), administrative proceedings can be initiated only "by the board upon its own motion or upon receipt of a signed written complaint." Thus, the only way for the appellant to challenge the board's position was to continue performing the procedures, thereby risking criminal prosecution for the felony offense of practicing medicine without a license and/or the initiation of administrative proceedings to revoke his license to practice dentistry. We do not believe this option can fairly be categorized as an available administrative remedy.

The requirement of exhaustion will be relaxed when "the administrative remedy exacts a price which causes it to be no remedy at all. . . . [I]f the remedy is available only upon exposure to loss of livelihood, it lacks the basic ingredients of adequacy. This is a circumstance which faces the appellant[] in this case." *Moss v. Central State Hosp.*, 255 Ga. 403, 404 (339 SE2d 226) (1986). "The purpose of the Declaratory Judgments Act is 'to settle and afford relief from uncertainty and insecurity with the respect to rights, status and other legal relations. . . .' [OCGA § 9-4-1] An action for declaratory judgment is available to test the validity of an alleged unconstitutional law, in order that a person desiring to practice his vocation may know whether he may proceed in disregard of the requirements of the law, or whether he must refuse to accept employment regulated by the law until he can comply with its provisions." *Jenkins v. Manry*, 216 Ga. 538, 540-541 (118 SE2d 91) (1961). See also *Wilson v. Ledbetter*, 260 Ga. 180 (390 SE2d 846) (1990). Under the circumstances, we conclude that the present action was not barred by the appellant's failure to exhaust available administrative remedies, and we accordingly hold that the trial court erred in granting the appellees' motion for sum-

mary judgment and dismissing the complaint.

2. In denying the appellant's request for an interlocutory injunction to prevent the board from taking action against him during the pendency of the declaratory judgment action, the trial court judge was undoubtedly influenced by his belief that the action for declaratory relief was not properly before it. Accordingly, consistent with our ruling in Division 1 herein, we remand the case to the trial court for further consideration of the merits of the request for injunctive relief. In so doing, however, we express no opinion whatever as to whether such relief would be appropriate.

*Judgment reversed and case remanded with direction in Case No. A90A1516; judgment reversed in Case No. A90A1517. Birdsong and Cooper, JJ., concur.*

DECIDED OCTOBER 15, 1990 —
REHEARING DENIED NOVEMBER 15, 1990 —

*Chilivis & Grindler, Anthony L. Cochran, Lillian C. Giornelli,* for appellant.

*Michael J. Bowers, Attorney General, William B. Hill, Jr., Deputy Attorney General, Mark H. Cohen, Senior Assistant Attorney General, Roger M. Siegel, Assistant Attorney General,* for appellees.