A94A1350. SCHLACHTER v. GEORGIA STATE BOARD OF
EXAMINERS OF PSYCHOLOGISTS.
(450 SE2d 242)

McMURRAY, Presiding Judge.

The Georgia State Board of Examiners of Psychologists ("appellee") served Paul Schlachter ("appellant") with notice of a hearing of charges that he had failed to maintain appropriate treatment boundaries with a former patient in that he had engaged in a sexual relationship with the patient. Appellant submitted a number of pre-hearing motions for ruling by the hearing officer. The hearing officer entered orders denying appellant's motion to dismiss (based on appellee's delay in bringing and prosecuting the charges stated in the notice of hearing), request for the investigative file, and objection to application to take testimony of Scott Morton. Appellant petitioned the superior court for review of the orders denying these motions pursuant to OCGA § 50-13-19 (a). The superior court denied appellant's petition for judicial review "because review is not appropriate at this juncture in the proceedings." This court then granted appellant's petition for interlocutory appeal. *Held:*

Appellant enumerates as error the superior court's refusal to review and reverse the hearing officer's decisions on his above noted motions. In support of his contention that judicial review of the hearing officer's decisions is appropriate, appellant cites *Wills v. Composite State Bd. of Med. Examiners*, 259 Ga. 549, 550 (1) (384 SE2d 636). In that case the Supreme Court applied the last sentence of OCGA § 50-13-19 (a) which states that: "A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." Based on this statutory language and the possibility that irreparable harm could result in the absence of a resolution of whether the licensee was entitled to receive certain information from the board to aid in the preparation of a defense prior to a hearing, the Supreme Court determined that judicial review was appropriate.

Appellant maintains that each of the decisions of the hearing officer contested in the case sub judice is of the nature described in the above quoted portion of OCGA § 50-13-19 (a) and thus ripe for judicial review. Appellee argues that appellant seeks an overly broad construction of the statute which will permit judicial review any time an administrative ruling risks duplication of effort or expense by the licensee and suggests a more restrictive standard from *Thomas v. Ga. Bd. of Dentistry*, 197 Ga. App. 589 (398 SE2d 730) and predicated

upon *Moss v. Central State Hosp.*, 255 Ga. 403, 404 (339 SE2d 226).

In our view, neither of the parties is entirely correct. The *Thomas* and *Moss* cases deal with the propriety of relying upon declaratory judgment actions where administrative remedies are inadequate. The above quoted provision of OCGA § 50-13-19 (a) which appellant seeks to assert is one providing for interlocutory appeal within the context of contesting a case under the Administrative Practice Act. The issues in *Wills* concerning access to board records were held to fall within the parameters of the quoted portion of OCGA § 50-13-19 (a) based on contentions that a defense could not be adequately prepared without the requested records and the Supreme Court's conclusion that irreparable injury could result without resolution of the issues concerning access to the records prior to a final hearing on the merits. The Supreme Court considered further issues in *Wills* as a matter of judicial economy.

The provision for immediate appeal under OCGA § 50-13-19 (a) is not applicable simply because an administrative ruling risks duplication of effort or expense. Such would render virtually every interlocutory administrative decision subject to immediate review. Instead there must be some suggestion that the administrative ruling, if incorrect, could not be remedied so as to cause irreparable harm.

We granted appellant's application for permission to file this appeal from concern that the facts presented here amounted to a repetition of the errors committed in *Wills*. Since the record shows that appellant has been provided with all exculpatory matter from appellee's file, all that is required by *Wills*, that supposition is shown to be incorrect. Review of the final administrative decision will provide an adequate remedy concerning appellant's continuing demand for the remainder of appellee's investigative file. Nor is an immediate review of appellant's remaining issues necessary to assure an adequate remedy. We find no error in the denial of appellant's petition for judicial review, although we explicitly note that no inference should be taken from this opinion as to the merits of the issues which appellant sought to have reviewed by the superior court.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 20, 1994 —
RECONSIDERATION DENIED NOVEMBER 10, 1994 —

*Wilson, Strickland & Benson, Frank B. Strickland, Anne W. Lewis, Gambrell & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom,* for appellant.

*Michael J. Bowers, Attorney General, Stephanie B. Manis, Deputy Attorney General, Beverly B. Martin, Senior Assistant Attorney*

*General, Kevin H. Hudson, Assistant Attorney General, Wayne B. Mangum,* for appellee.

*Arnall, Golden & Gregory, Karen Bragman,* amicus curiae.