492 S.E.2d 916 (1997)
229 Ga. App. 28
GEORGIA PUBLIC SERVICE COMMISSION
v.
CAMPAIGN FOR A PROSPEROUS GEORGIA.
GEORGIA POWER COMPANY
v.
CAMPAIGN FOR A PROSPEROUS GEORGIA.
Nos. A97A1142, A97A1143.
Court of Appeals of Georgia.
October 27, 1997.
*917 Thurbert E. Baker, Attorney General, Brenda H. Cole, Alan Gantzhorn, Thomas K. Bond, Assistant Attorneys General, for appellant (case no. A97A1142).
Troutman Sanders, Kevin C. Greene, Joseph S. Asher, Norman L. Underwood, Atlanta, for appellant (case no. A97A1143).
Jacobs & Slawsky, Norman J. Slawsky, Atlanta, for appellee.
POPE, Presiding Judge.
In March 1995, the Public Service Commission ("PSC") had its staff investigate Georgia Power Company's earnings to determine whether the company was receiving in excess of the 12.25 percent return on equity set forth in a 1991 rate case. In its report, the staff found that Georgia Power was not earning in excess of its allowed return, but concluded that Georgia Power's rates produced annual revenues in excess of its current and future revenue requirements. Based on the above, the staff recommended that the PSC issue a rule nisi so that Georgia Power's rates could be adjusted to reflect its current revenue requirements. Georgia Power responded to the staff's findings and recommendation by filing an "Alternative Rate Plan," which proposed that Georgia Power be allowed to earn a return on equity within the range of 10 percent to 12.50 percent rather than at a single specific percentage rate. Under its Alternative Rate Plan, Georgia Power also agreed not to file any general rate case unless its projected return on equity fell below the above range. It would, however, be required to file a general rate case on July 1, 1998. The Alternative Rate Plan did not actually recommend or request any rate changes for customers.
Rather than issue a rule nisi for a rate hearing, the PSC decided to conduct a hearing during which it would consider both its staff's report and recommendation, and Georgia Power's Alternative Rate Plan. The PSC allowed Campaign For A Prosperous Georgia ("CPG"), and others, to intervene in that proceeding and to participate in limited oral argument, during which CPG urged the PSC to conduct a full hearing on the matter. During the proceedings, the PSC's staff modified its original recommendation and proposed an "Accounting Order." That order adopted significant portions of Georgia Power's proposed Alternative Rate Plan, including adoption of the range for return on equity proposed by Georgia Power. It did not, however, change any of Georgia Power's customer's rates. Subsequently, the PSC adopted and issued the Accounting Order.
CPG appealed to the superior court. Concluding that the matter should be treated as a rate case, rather than a mere accounting matter, the superior court determined that the Accounting Order was illegal because the PSC had not conducted a full hearing in accordance with the Administrative Procedure Act, see OCGA § 50-13-1 et seq., during which it should have required compliance with the "test year statute," see OCGA § 46-2-26.1(b), used in rate cases. The superior court then remanded the case back to the PSC. The PSC has directly appealed the superior court's judgment in Case No. *918 A97A1142 and Georgia Power has directly appealed in Case No. A97A1143.
1. Although not raised by the parties, we address the threshold question of whether we have jurisdiction to hear the PSC's and Georgia Power's appeals. A review of the superior court's remand order in this case demonstrates that the superior court was not merely considering an interlocutory issue, and that the order did more than merely remand the case to the PSC for the taking of additional evidence that would facilitate the superior court's final resolution of the case. Instead, the superior court vacated the PSC's Accounting Order and returned the case to the PSC after making a final determination that the matter at hand constituted a rate case and required a full hearing. Accordingly, unlike the remand orders issued in cases such as Howell v. Harden, 231 Ga. 594, 203 S.E.2d 206 (1974), Hardison v. Booth, 160 Ga.App. 69, 286 S.E.2d 60 (1981) and Earp v. Kranats, 184 Ga.App. 316, 361 S.E.2d 217 (1987), we conclude that the remand order in this case constitutes a final order or judgment. And in the absence of any specific holding that all remand orders must be considered non-final, we further conclude that we have jurisdiction to hear the PSC's and Georgia Power's appeals pursuant to OCGA § 50-13-20.
Case Nos. A97A1142 and A97A1143
2. The PSC and Georgia Power both contend that the superior court erred in determining that the hearing before the PSC constituted a rate case, and as such, that under OCGA § 46-2-25(b), the PSC was required to hold a full hearing before entering its Accounting Order. We agree. A review of the record shows that the hearing in question did not involve an attempt to establish "just and reasonable rates and charges." See OCGA § 46-2-23(a). In fact, the record demonstrates that no rate change ever was requested during the PSC hearing, or implemented pursuant thereto. Therefore, the hearing cannot be considered equivalent to a rate case. In the absence of a rate case, we conclude a full hearing pursuant to OCGA § 46-2-25(b), the permissive language of which does not mandate a full hearing even in rate cases, was not required. And upon review, we find no support for the proposition that Ga. Power Co. v. Campaign For A Prosperous Georgia, 255 Ga. 253, 336 S.E.2d 790 (1985), demands a different conclusion, noting that that case specifically involved a rate increase.
3. In the absence of a proceeding to determine the rates Georgia Power would be allowed to charge its customer, we conclude that the trial court also erred in ruling that the PSC was required to comply with the "test year statute" data requirements found in OCGA § 46-2-26.1(b) before issuing its Accounting Order. By its very terms, that Code section only applies to cases in which the rates to be charged by an electric utility are determined. See Ga. Power Co. v. Ga. Indus. Group, 214 Ga.App. 196, 198(2), 447 S.E.2d 118 (1994).
4. In light of the above, we need not consider the remainder of the PSC's and Georgia Power's enumerations of error, and we reverse the superior court's order that remanded the case for a full hearing, thereby reinstating the PSC's original Accounting Order.
Judgments reversed.
JOHNSON and BLACKBURN, JJ., concur.