A10A0775. COASTAL MARSHLANDS PROTECTION
COMMITTEE v. ALTAMAHA RIVERKEEPER, INC.
A10A0776. FIRST SOUTHERN NATIONAL BANK et al.
v. ALTAMAHA RIVERKEEPER, INC.

(695 SE2d 273)

BLACKBURN, Presiding Judge.

This case involves the Coastal Marshlands Protection Committee's ("CMPC") issuance of a permit to a developer to build a dock over State-owned marshlands, pursuant to the Coastal Marshlands Protection Act ("CMPA") (OCGA § 12-5-280 et seq.). After the permit was issued, Altamaha Riverkeeper, Inc. ("ARK") challenged the CMPC's decision in a hearing before an administrative law judge ("ALJ"). The developer intervened in the matter, and when the ALJ affirmed the issuance of the permit, ARK sought superior court review of the ALJ's decision. In Case No. A10A0775, the CMPC appeals the superior court's order reversing the ALJ's decision and remanding the matter for rehearing, arguing that the court erred in finding that the burden of proof imposed on ARK by the ALJ was contrary to law. In Case No. A10A0776, First Southern National Bank, Montgomery Bank & Trust, Citizens Bank of Swainsboro, and Bank of Soperton ("Intervenors"), who became real parties in interest after foreclosing on the developer's property, appeal the court's decision on the same grounds. Because these two appeals involve the same parties, set of facts, and principles of law, we consolidate them for review. However, because we lack jurisdiction over both appeals, they must be dismissed.

The record shows that in 2007, Mid-Roc, LLC applied to the CMPC for a permit to build a community dock over State marshlands

YALE LAW LIBRARY

along the South Newport River in McIntosh County, pursuant to OCGA § 12-5-286 (a) of the CMPA. Under OCGA § 12-5-286 (g) of that statute, in passing upon the application for a permit, the CMPC must consider the public interest by determining:

> (1) Whether or not unreasonably harmful obstruction to or alteration of the natural flow of navigational water within the affected area will arise as a result of the proposal;
>
> (2) Whether or not unreasonably harmful or increased erosion, shoaling of channels, or stagnant areas of water will be created; and
>
> (3) Whether or not the granting of a permit and the completion of the applicant's proposal will unreasonably interfere with the conservation of fish, shrimp, oysters, crabs, clams, or other marine life, wildlife, or other resources, including but not limited to water and oxygen supply.

In addition, the permit applicant has the responsibility to demonstrate to the CMPC that the proposed alteration is not contrary to the public interest and that no feasible alternative sites exist. OCGA § 12-5-286 (h).

On November 30, 2007, after holding three separate hearings on the application, the CMPC unanimously approved it and issued a permit to Mid-Roc to construct the proposed dock. Shortly thereafter, ARK, as an "aggrieved or adversely affected" party under OCGA § 12-5-283 (b) and (c), petitioned the Office of Administrative Hearings for a review of the permit in accordance with the Georgia Administrative Procedure Act ("APA") (OCGA § 50-13-1 et seq.), contending that the permit failed to meet the requirements outlined in OCGA § 12-5-286 (g) and (h). Mid-Roc filed a motion to intervene pursuant to OCGA § 50-13-14 (1), which the ALJ granted. At the de novo hearing before the ALJ, ARK, as challenger to the permit, bore the burden of proof to show by a preponderance of the evidence that the permit was wrongfully issued. See Ga. Comp. R. & Regs. r. 616-1-2-.07 (1) (b) and r. 616-1-2-.21 (3), (4). After the hearing, the ALJ issued a final decision, affirming the CMPC's grant of the permit based on her findings that ARK had failed to meet its burden.

Subsequently, ARK filed a petition for judicial review of the ALJ's final decision in the Superior Court of Fulton County, pursuant to OCGA §§ 12-5-283 (b) and 50-13-19 (b). While the matter was pending, several banks, who had foreclosed on Mid-Roc's property, were substituted as Intervenors in place of Mid-Roc. On July 27, 2009 (nunc pro tunc to July 24, 2009), the superior court issued a final order on judicial review, affirming the ALJ's findings of fact but

reversing the ALJ's conclusion of law that required ARK to affirmatively prove that the permitted dock would violate OCGA § 12-5-286 (g) and (h). Consequently, the court remanded the matter to the ALJ "for rehearing consistent with the terms of [its] order." Thereafter, both the CMPC and the Intervenors sought a certificate of immediate review, which the court granted. This Court granted the CMPC's and the Intervenors' applications for interlocutory appeal, and these appeals followed.

Although ARK did not file a separate motion to dismiss these appeals, it contends in its appellee's brief that jurisdiction is lacking in this matter. Regardless,

> [i]f this Court finds that it has no jurisdiction over an appeal, it has the authority to dismiss the appeal on its own motion. Our jurisdiction is granted by Ga. Const. 1983, Art. VI, Sec. V, Par. III, and defined by statute. An appeal which does not fall within this Court's jurisdiction must be dismissed for lack of jurisdiction.

(Citations and footnotes omitted.) *Standridge v. Spillers*.[1] Under OCGA § 50-13-20, judicial review on appeal to one of the appellate courts of this State is limited to final orders. *Ga. Public Svc. Comm. v. Southern Bell*.[2] See also *Howell v. Harden*.[3] "[I]f the superior court orders a remand on any issue, such ruling is not appealable." *Southern Bell*, supra, 254 Ga. at 247.

In this matter, the superior court reversed the ALJ's final decision based on its conclusion that the ALJ had improperly restricted the manner in which ARK could carry its burden of proof for its challenge to the permitted dock and remanded the case to the ALJ for rehearing consistent with the court's order. We recognize that mere use of the word "remand" does not automatically render the superior court's order nonfinal and not appealable. See *Hughey v. Gwinnett County*;[4] *Ga. Public Svc. Comm. v. Campaign for a Prosperous Ga.*[5] However, here, the return of the case to the ALJ required further proceedings in that forum and required the ALJ to reconsider the issue under a different standard than previously applied. See *Hughey*, supra, 278 Ga. at 741 (1). Moreover, the superior court did not remand the matter back to the CMPC for a

---

[1] *Standridge v. Spillers*, 263 Ga. App. 401, 402-403 (1) (587 SE2d 862) (2003).

[2] *Ga. Public Svc. Comm. v. Southern Bell*, 254 Ga. 244, 247 (327 SE2d 726) (1985).

[3] *Howell v. Harden*, 231 Ga. 594, 595 (3) (203 SE2d 206) (1974).

[4] *Hughey v. Gwinnett County*, 278 Ga. 740, 741 (1) (609 SE2d 324) (2004).

[5] *Ga. Public Svc. Comm. v. Campaign for a Prosperous Ga.*, 229 Ga. App. 28, 29 (1) (492 SE2d 916) (1997).

re-commencement of the proceedings at the agency level based on an alleged failure by the CMPC to properly construe the CMPA. See *Coastal Marshlands Protection Committee v. Center for a Sustainable Coast.*[6] Given these circumstances, the superior court's order was not final and, therefore, was not appealable. See *Hughey*, supra, 278 Ga. at 741 (1). Accordingly, we are without jurisdiction over these appeals and must dismiss them as having been improvidently granted.

 *Appeals dismissed. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 13, 2010 —
RECONSIDERATIONS DENIED MAY 7, 2010 — 

 *Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, John E. Hennelly, James D. Coots, Assistant Attorneys General*, for appellant (case no. A10A0775).
 *Franklin, Taulbee, Rushing, Snipes & Marsh, James B. Franklin, Lawton C. Heard, Jr.*, for appellants (case no. A10A0776).
 *Donald D. J. Stack, Kurt D. Ebersbach*, for appellee.

---

 [6] *Coastal Marshlands Protection Committee v. Center for a Sustainable Coast*, 286 Ga. App. 518, 520 (1) (649 SE2d 619) (2007).