**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**June 27, 2012**

# In the Court of Appeals of Georgia

A10A2167. GEORGIA SOCIETY OF AMBULATORY SURGERY
　　　CENTERS v. GEORGIA DEPARTMENT OF COMMUNITY
　　　HEALTH et al.

BARNES, Presiding Judge.

The Georgia Society of Ambulatory Surgical Centers ("GSASC") brought this action against the Georgia Department of Community Health and its Commissioner (collectively, "DCH") for declaratory judgment and injunctive relief, alleging that a 2009 annual survey issued by DCH to ambulatory surgery centers ("ASCs") sought information beyond the scope of OCGA § 31-6-70. The trial court denied GSASC's request for an interlocutory injunction on the ground that DCH was "authorized to request the information at issue under Georgia law."

In a 4-3 decision, this Court reversed the trial court, concluding that the 2009 survey sought information beyond what was statutorily authorized. See *Ga. Society*

*of Ambulatory Surgery Centers v. Ga. Dept. of Community Health*, 309 Ga. App. 31, 33-37 (1) (710 SE2d 183) (2011). This Court further concluded that GSASC and its members were not required to exhaust administrative remedies before bringing suit for declaratory and injunctive relief because (1) resorting to those remedies would be futile and (2) GSASC was challenging DCH's power to act. Id. at 37-40 (2).

The Supreme Court of Georgia subsequently reversed the judgment of this Court on the ground that neither of the two exceptions upon which we relied to dispense with the administrative exhaustion requirement was applicable. See *Ga. Dept. of Community Health v. Ga. Society of Ambulatory Surgery Centers*, __ Ga. __ (S11G1201, decided on Feb. 27, 2012). Consequently, we vacate our previous opinion and adopt the opinion of the Supreme Court as our own.

The Supreme Court also remanded the case to this Court for further proceedings not inconsistent with its opinion. On remand from the Supreme Court, "it is the responsibility of this Court then to determine the impact of the reversal on our previous decision and to resolve any reopened issues." *St. Paul Reinsurance Co. v. Ross*, 276 Ga. App. 135, 136, n. 1 (622 SE2d 374) (2005). In this Court's previous decision, the majority did not address GSASC's additional argument that the

2

administrative remedies available to its members, which own and operate licensed ASCs, are inadequate. We address that argument now.

As explained in our previous decision,

if an ASC is fined, sanctioned, or has its exemption status revoked for failure to fully respond to an annual survey, the ASC is entitled to notice and an administrative hearing under the Georgia Administrative Procedure Act, OCGA § 50-13-1 et seq., before any such fine or sanction is exacted. See OCGA §§ 31-6-40 (c) (2); 31-6-47 (18). After an administrative hearing, the ASC may appeal to the Commissioner of DCH, and then petition for judicial review. See OCGA § 50-13-19; Ga. Comp. R. & Regs. r. 111-2-2-.05 (2) (e).

*Ga. Society of Ambulatory Surgery Centers*, 309 Ga. App. at 37 (2). Because these procedures are available to ASCs before DCH takes any final adverse action against them for failing to provide the required survey information, the procedures afford adequate administrative remedies to aggrieved ACSs.

In arguing otherwise, GSASC relies upon *Moss v. Central State Hosp.*, 255 Ga. 403 (339 SE2d 226) (1986), and *Thomas v. Ga. Bd. of Dentistry*, 197 Ga. App. 589 (398 SE2d 730) (1990), but both of those cases are distinguishable. Both cases stand for the proposition that an administrative remedy is inadequate if "the remedy is available only upon exposure to loss of livelihood," such that "the administrative

remedy exacts a price which causes it to be no remedy at all." *Moss*, 255 Ga. at 404.

See *Thomas*, 197 Ga. App. at 590 (1). Here, the existing record does not demonstrate

that any of the potential sanctions to which members of GSASC might be exposed for

failing to provide the required survey information would likely result in a complete

loss of livelihood for those members. Accordingly, GSASC's reliance on *Moss* and

*Thomas* is misplaced.[1]

"When an adequate administrative remedy exists that has not been taken,

dismissal of any declaratory judgment or equitable action is appropriate." *USA*

*Payday Cash Advance Centers v. Oxendine*, 262 Ga. App. 632, 635 (585 SE2d 924)

(2003). Because GSASC represents the interests of members that have adequate

administrative remedies, and it is undisputed that those members have not exhausted

---

[1] Relying upon *Thomas*, GSASC also argues that its members might be criminally prosecuted if they give false or inaccurate information in response to the required survey, and that, as a result, the administrative remedies afforded to them are inadequate. But, as Judge Blackwell noted in his original dissent in this case, "no one contends that the members of the [GSASC] have a right to give false information to [DCH]; the [GSASC] merely contends that its members have a right to give no information at all in response to these questions." *Ga. Society of Ambulatory Surgery Centers*, 309 Ga. App. at 42, n. 6 (Blackwell, J., dissenting). It therefore follows that the threat of criminal prosecution for supplying false or inaccurate information in response to a required survey "has no bearing upon the effectiveness of administrative remedies in this case." Id.

4

those remedies, the trial court was required to dismiss the case. See *Northeast Ga. Cancer Care v. Blue Cross & Blue Shield of Ga.*, 297 Ga. App. 28, 32 (1) (676 SE2d 428) (2009). Accordingly, we vacate the trial court's ruling on the merits of GSASC's interlocutory injunction claim and remand with the instruction that the case be dismissed. See generally *Atmos Energy Corp. v. Ga. Public Svc. Comm.*, 290 Ga. App. 243, 249 (1) (c) (659 SE2d 385) (2008), aff'd, 285 Ga. 133 (2009); *Blue Cross & Blue Shield of Ga. v. Deal*, 244 Ga. App. 700, 707-708 (3) (536 SE2d 590) (2000).

*Judgment vacated and case remanded with instruction. Mikell, P.J., Andrews, Adams, Blackwell, Dillard, and Boggs, JJ., concur.*