**June 22, 2017**

# In the Court of Appeals of Georgia

A17A0242. OXENDINE v. GOVERNMENT TRANSPARENCY AND
     CAMPAIGN FINANCE COMMISSION.

RICKMAN, Judge.

Approximately eight years ago, a citizen filed a complaint with the Government Transparency and Campaign Finance Commission ("the Commission") alleging that John Oxendine violated a provision of the Ethics in Government Act[1] ("the Act"), OCGA § 21-5-41 (2009),[2] during his candidacy for the 2010 gubernatorial election. In October 2009, the Commission held its first preliminary hearing on the matter. The Commission voted to table the matter while also approving a motion "to investigate the political action committees and regulated entities involved[.]" In June 2012, the

---

[1] OCGA § 21-5-1.

[2] OCGA § 21-5-41 (2009) regulates campaign contributions from persons, corporations, political committees, or political parties.

Commission held a second preliminary hearing, and found that "reasonable grounds"[3] existed to believe Oxendine committed a violation of OCGA § 21-5-41 (a) (2009).[4]

On August 15, 2015, the Atlanta Journal-Constitution ("AJC") published an article reporting that ethics experts questioned why Oxendine failed to return campaign money to donors. Two days later, the Commission issued subpoenas for Oxendine's financial records.[5] Approximately one month after the publication of the AJC article, the Commission filed an amended complaint against Oxendine asserting violations of the Act pursuant to OCGA § 21-5-41 (a), OCGA § 21-5-43 (c) and (d), and OCGA §

------

[3] Under OCGA § 21-5-6 (b) (10) (A) (2012) the Commission has power, [t]o conduct a preliminary investigation . . . of the merits of a written complaint by any person who believes that a violation of this chapter has occurred. . . . If there are found no reasonable grounds to believe that a violation has occurred, the complaint shall be dismissed. . . . If the commission determines that there are such reasonable grounds to believe that a violation has occurred, it shall give notice by summoning the persons believed to have committed the violation to a hearing.

[4] The "[s]ummary" notes from this preliminary hearing reflect that the Commission "found probable cause" in the Oxendine matter. However, that finding was misstated in the notes. The Commission actually made a finding of "reasonable grounds."

[5] One of those subpoenas was later quashed "due to ministerial error related to service upon [Oxendine]."

2

21-5-33.[6] Oxendine subsequently filed motions to sever, to deny a finding of probable cause to initiate an investigation under the new complaint, and to dismiss.

On December 16, 2015, the Commission held a hearing on Oxendine's motions. Following the hearing, the Commission issued an order denying Oxendine's motions to dismiss and sever. The Commission did, however, grant Oxendine's motion in part, barring prosecution of several allegations in the amended complaint. In January 2016, pursuant to the Georgia Administrative Procedure Act[7] "the APA," OCGA § 50-13-19 (a) (2016),[8] Oxendine filed a Petition for Judicial Review seeking review of the Commission's ruling. On June 21, 2016, the trial court issued an order finding that it

---

[6] OCGA § 21-5-43 (c) and (d), and OCGA § 21-5-33 address how a candidate for political office can use campaign contributions and what to do with unexpended contributions.

[7] OCGA § 50-13-1.

[8] OCGA 50-13-19 (a) (2016) provides,
[a]ny person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. . . . A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

3

did not have jurisdiction under OCGA § 50-13-19 to review the Commission's "interim decision," resulting in the case being returned to the Commission. This appeal follows.

1. We must first address whether we have jurisdiction to consider this appeal.

"Under OCGA § 50-13-20, only a final judgment of the superior court rendered pursuant to the APA may be reviewed on appeal by this Court. Generally, where a superior court remands for additional findings on any issue, this is not a final judgment subject to appellate review." (Citation omitted.) *Coastal Marshlands Protection Committee v. Center for a Sustainable Coast*, 286 Ga. App. 518, 520 (1) (649 SE2d 619) (2007). See OCGA § 50-13-20 ("An aggrieved party may obtain a review of any final judgment of the superior court under this chapter by the Court of Appeals or the Supreme Court, as provided by law.").

Nevertheless, we find that, in this case, the superior court did not merely remand to the Commission for additional findings. The superior court held that, inter alia, Oxendine had not demonstrated irreparable harm and thus, the superior court did not have jurisdiction under OCGA § 50-13-19 (a) to review the Commission's "interim decision." Accordingly, we conclude that the superior court's order was an appealable final judgment under OCGA § 50-13-20. See *Coastal Marshlands Protection*

*Committee*, 286 Ga. App. at 520 (1); see also *Ga. Public Svc. Comm. Campaign for a Prosperous Ga.*, 229 Ga. App. 28, 29 (1) (492 SE2d 916) (1997).

2. Oxendine contends that, inter alia, the superior court erred by finding it lacked jurisdiction to review the "interim decision" of the Commission under OCGA § 50-13-19 (a). Specifically Oxendine argues that he has suffered irreparable harm that could not be remedied by a final Commission hearing under the APA and thus the superior court, pursuant to OCGA § 50-13-19 (a), had jurisdiction to review his case.

> The provision for immediate appeal under OCGA § 50-13-19 (a) is not applicable simply because an administrative ruling risks duplication of effort or expense. Such would render virtually every interlocutory administrative decision subject to immediate review. Instead there must be some suggestion that the administrative ruling, if incorrect, could not be remedied so as to cause irreparable harm.

*Schlachter v. Ga. State Bd. of Examiners of Psychologists*, 215 Ga. App. 171, 172 (450 SE2d 242) (1994).

Oxendine, citing *Wills v. Composite State Bd. of Medical Examiners*, 259 Ga. 549, 550 (1) (384 SE2d 636) (1989), alleges that a review of the final Commission hearing would not provide an adequate legal remedy because it would be impossible for him to prepare a defense to the amended complaint "other than to repeat the same

5

argument that he has already repeatedly made and that has been repeatedly rejected." This case is factually distinguishable from *Wills*. In *Wills*, our Supreme Court held that judicial review of an administrative agency's preliminary ruling was appropriate where the appellant was not provided with necessary discovery and thus was unable to adequately prepare his defense. Id. Oxendine's argument, however, focuses on his contention that the Commission has misapplied the substantive law. Unlike in *Wills*, in this case, if the Commission does in fact misapply the substantive law at the final hearing, resulting in an incorrect ruling, then that ruling can be remedied by further judicial review. See *Schlachter*, 215 Ga. App. at 172.

Oxendine further argues that he has suffered irreparable injury to both his personal and professional reputation while waiting for his final Commission hearing. We are certainly troubled by the amount of time that has elapsed since the first complaint was filed against Oxendine. However, it is undisputed that currently the APA does not contain a time limit in which the Commission must hold a final hearing. The amount of effort and expense exerted in defending the charges against Oxendine does not amount to irreparable harm authorizing immediate appeal under OCGA § 50-13-19 (a). See *Schlachter*, 215 Ga. App. at 172. Nor does any potential damage to Oxendine's reputation while charges are pending against him amount to the requisite

6

harm. The harm alleged is the same harm that would potentially exist in every case where a candidate is accused of a violation of the Act. "Such would render virtually every interlocutory administrative decision subject to immediate review." Id. Applying binding precedent from our Supreme Court and this Court to the facts and circumstances of this case, we hold that Oxendine has not met his burden to show that a ruling following the final Commission hearing, if incorrect, could not be remedied, thus causing irreparable harm. See *Schlacter*, 215 Ga. App. at 172; compare *Wills*, 259 Ga. at 550 (1). Accordingly, the trial court did not err in denying Oxendine's petition for judicial review on this basis.[9]

3. Based on our ruling in Division 2, we need not address Oxendine's remaining arguments.

*Judgment affirmed. Doyle, C. J., Ellington, P. J., Andrews, Ray, McMillian, Mercier, and Reese, JJ., concur. McFadden, P. J., concurs in Division 1 and dissents in Division 2.*

---

[9] Although the dissent addresses other grounds cited by the trial court, those grounds are not addressed in this opinion because they are not applicable here.

A17A0242. OXENDINE v. GOVERNMENT TRANSPARENCY AND

CAMPAIGN FINANCE COMMISSION.


MCFADDEN, Presiding Judge, concurring in part and dissenting in part.

I agree that we have jurisdiction over this appeal, so I concur in Division 1 of the majority opinion. But I would hold that the superior court is authorized, on the record before us and in the exercise of his discretion, to hold that a final agency decision would not provide Oxendine an adequate remedy, and so that Oxendine is entitled to interlocutory review under OCGA § 50-13-19 (a). So I respectfully dissent from Division 2. I would vacate and remand with instructions so the superior court can exercise that discretion.

OCGA § 50-13-19 (a) authorizes, under certain circumstances, interlocutory review of administrative agency actions. It provides:

> Any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. . . . A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

Oxendine invoked that provision, contending that he has been and continues to be subjected to prejudice over and above that which the law authorizes and practical necessity requires. He contends that the complaint against him must be dismissed because it failed to state a claim and was time-barred. And he claims that the commission has needlessly prolonged resolution of the proceeding against him and thereby caused him unwarranted reputational damage.

The superior court held that he lacked jurisdiction and dismissed. He stated three grounds: that Oxendine had failed to exhaust his administrative remedies before seeking judicial review, that the commission's decision was not a "contested case," and that review of the final agency decision would provide Oxendine with an adequate remedy. As detailed below, the first and second are simply wrong. The third asked the

2

right question, but the superior court gave an answer infected with error and suggestive of failure to exercise discretion.

1. *Failure to exhaust administrative remedies.*

The superior court's order cited Oxendine's failure to exhaust his administrative remedies as an independent reason why the superior court lacked jurisdiction under OCGA § 50-13-19 (a). That is a misreading of the statue: it creates an exception to the exhaustion requirement. OCGA § 50-13-19 (a) expressly authorizes immediate judicial review of a preliminary, procedural, or intermediate agency action "if review of the final agency decision would not provide an adequate remedy." So in appropriate cases, it authorizes judicial review of a preliminary procedural rulings like the commission's denial of Oxendine's motions in this case. See *Wills v. Composite State Board of Medical Examiners*, 259 Ga. 549, 550 (1) (384 SE2d 636) (1989) (holding that OCGA § 50-13-19 (a) permitted judicial review of agency's denial of motion to dismiss on statute of limitations grounds and motion to compel discovery).

2. *Contested case.*

The superior court also erred in holding that it lacked jurisdiction because this is not a "contested case," as that phrase is used in the Administrative Procedure Act. The Act defines a "contested case" as a proceeding "in which the legal rights, duties,

3

or privileges of a party are required by law to be determined by an agency after an opportunity for a hearing." OCGA § 50-13-2 (2). Here, the underlying issue is whether Oxendine violated a provision of the Ethics in Government Act and should be sanctioned.

3. *Adequate remedy.*

The superior court held, "Petitioner will be afforded an adequate remedy by first exhausting his administrative remedies" and then exercising his right to judicial appeals.

I agree that, in most cases, appellate review of a final agency decision would remedy a legal error in an interim agency decision. The "provision for immediate appeal under OCGA § 50-13-19 (a) is not applicable simply because an administrative ruling risks duplication of effort or expense." *Schlachter v. Ga. State Bd. of Examiners of Psychologists*, 215 Ga. App. 171, 172 (450 SE2d 242) (1994) But OCGA § 50-13-19 (a) expressly contemplates that there will be some cases in which judicial review of a final agency decision will *not* be an adequate remedy: it permits immediate review of an interim ruling "if review of the final agency decision would *not* provide an adequate remedy." OCGA § 50-13-19 (a) (emphasis supplied). We cannot construe our decision in *Schlachter* to eliminate the possibility that review of a final agency

4

decision may not be enough. See *North Fulton Medical Center v. Stephenson*, 269 Ga. 540, 544 (501 SE2d 798) (1998) (construing, in the context of mandamus, the term "adequate remedy" to mean a "remedy [that] is equally convenient, complete and beneficial"). So the mere fact that Oxendine could obtain appellate review of a final agency decision in this case does not, on its own, support a finding that such review would be an adequate remedy under the facts of this case.

The superior court's finding that Oxendine "had not demonstrated irreparable harm," is unexplained, and it is intertwined with his erroneous determination that failure to exhaust administrative remedies is an independent bar to jurisdiction under OCGA § 50-13-19 (a). His order does not set out an analysis of why, under the facts of this particular case, review of a final agency decision would be an adequate remedy. That analysis requires an exercise of discretion. As our Supreme Court has held, it entails recognition that review of a final agency decision would not provide an adequate remedy where "[i]rreparable injury could result without a resolution of [the] issues prior to the final hearing on the merits." *Wills*, supra, 259 Ga. at 550 (1).

I would not decide today whether that analysis must be set out in an order under OCGA § 50-13-19 (a). But the order now before use suggests that the superior court

5

erroneously concluded that he was barred as a matter of law from exercising jurisdiction.

That inference is bolstered by the hearing transcript. The superior court opined that the case had not been "handled appropriately" so far and expressed "very little confidence" that the commission would handle it appropriately in the future. He asked its representative, "At what point does fundamental due process play into your agency's formula for providing somebody who's ... brought up on this charges with an ability to have his day in court?" The commission's attorney responded, "this court just simply doesn't have jurisdiction."

Yes he does. Under OCGA § 50-13-19 (a), upon a finding that "the final agency decision would not provide an adequate remedy," the superior court has appellate jurisdiction. The concerns the superior court expressed at the hearing are supported by the record. And they are sufficient to authorize him, in the exercise of his sound discretion, to so find.

In order to give the superior court an opportunity to exercise that discretion, I would vacate and remand.