Rickman, Judge.
Approximately eight years ago, a citizen filed a complaint with the Government Transparency and Campaign Finance Commission (the “Commission”) alleging that John Oxendine violated a provision of the Ethics in Government Act[1] (the “Act”), OCGA § 21-5-41 (2005),[2] during his candidacy for the 2010 gubernatorial election. In October 2009, the Commission held its first preliminary hearing on the matter. The Commission voted to table the matter while also approving a motion “to investigate the political action committees and regulated entities involved[.]” In June 2012, the Commission held a second preliminary hearing and found that “reasonable grounds”[3] existed to believe Oxendine committed a violation of OCGA § 21-5-41 (a) (2005).[4]
On August 15,2015, the Atlanta Journal-Constitution (the “AJC”) published an article reporting that ethics experts questioned why Oxendine failed to return campaign money to donors. Two days later, the Commission issued subpoenas for Oxendine’s financial records.[5] Approximately one month after the publication of the AJC article, the Commission filed an amended complaint against Oxendine asserting violations of the Act pursuant to OCGA §§ 21-5-41 (a), 21-5-43 (c) and (d), and 21-5-33.[6] Oxendine subsequently filed motions to sever, to deny a finding of probable cause to initiate an investigation under the new complaint, and to dismiss.
On December 16, 2015, the Commission held a hearing on Oxendine’s motions. Following the hearing, the Commission issued *902 an order denying Oxendine’s motions to dismiss and sever. The Commission did, however, grant Oxendine’s motion in part, barring prosecution of several allegations in the amended complaint. In January 2016, pursuant to the Georgia Administrative Procedure Act[7] (the “APA”), OCGA § 50-13-19 (a),[8] Oxendine filed a Petition for Judicial Review seeking review of the Commission’s ruling. On June 21, 2016, the trial court issued an order finding that it did not have jurisdiction under OCGA § 50-13-19 to review the Commission’s “interim decision,” resulting in the case being returned to the Commission. This appeal follows.
1. We must first address whether we have jurisdiction to consider this appeal.
“Under OCGA § 50-13-20, only a final judgment of the superior court rendered pursuant to the APA may be reviewed on appeal by this Court. Generally, where a superior court remands for additional findings on any issue, this is not a final judgment subject to appellate review.” Coastal Marshlands Protection Committee v. Center for a Sustainable Coast, 286 Ga. App. 518, 520 (1) (649 SE2d 619) (2007). See OCGA § 50-13-20 (“An aggrieved party may obtain a review of any final judgment of the superior court under this chapter by the Court of Appeals or the Supreme Court, as provided by law.”).
Nevertheless, we find that, in this case, the superior court did not merely remand to the Commission for additional findings. The superior court held that, inter alia, Oxendine had not demonstrated irreparable harm, and thus, the superior court did not have jurisdiction under OCGA § 50-13-19 (a) to review the Commission’s “interim decision.” Accordingly, we conclude that the superior court’s order was an appealable final judgment under OCGA § 50-13-20. See Coastal Marshlands Protection Committee, 286 Ga. App. at 520 (1); see also Ga. Pub. Sue. Comm. v. Campaign for a Prosperous Ga., 229 Ga. App. 28, 29 (1) (492 SE2d 916) (1997).
2. Oxendine contends that, inter alia, the superior court erred by finding it lacked jurisdiction to review the “interim decision” of the Commission under OCGA § 50-13-19 (a). Specifically Oxendine argues that he has suffered irreparable harm that could not be remedied by *903 a final Commission hearing under the APA, and thus the superior court, pursuant to OCGA § 50-13-19 (a), had jurisdiction to review his case.
The provision for immediate appeal under OCGA § 50-13-19 (a) is not applicable simply because an administrative ruling risks duplication of effort or expense. Such would render virtually every interlocutory administrative decision subject to immediate review. Instead there must be some suggestion that the administrative ruling, if incorrect, could not be remedied so as to cause irreparable harm.
Schlachter v. Ga. State Bd. of Examiners of Psychologists, 215 Ga. App. 171, 172 (450 SE2d 242) (1994).
Oxendine, citing Wills v. Composite State Bd. of Med. Examiners, 259 Ga. 549, 550 (1) (384 SE2d 636) (1989), alleges that a review of the final Commission hearing would not provide an adequate legal remedy because it would be impossible for him to prepare a defense to the amended complaint “other than to repeat the same argument that he has already repeatedly made and that has been repeatedly rejected.” This case is factually distinguishable from Wills. In Wills, our Supreme Court held that judicial review of an administrative agency’s preliminary ruling was appropriate where the appellant was not provided with necessary discovery and thus was unable to adequately prepare his defense. Id. Oxendine’s argument, however, focuses on his contention that the Commission has misapplied the substantive law. Unlike in Wills, in this case, if the Commission does in fact misapply the substantive law at the final hearing, resulting in an incorrect ruling, then that ruling can be remedied by further judicial review. See Schlachter, 215 Ga. App. at 172.
Oxendine further argues that he has suffered irreparable injury to both his personal and professional reputation while waiting for his final Commission hearing. We are certainly troubled by the amount of time that has elapsed since the first complaint was filed against Oxendine. However, it is undisputed that currently the APA does not contain a time limit in which the Commission must hold a final hearing. The amount of effort and expense exerted in defending the charges against Oxendine does not amount to irreparable harm authorizing immediate appeal under OCGA § 50-13-19 (a). See Schlachter, 215 Ga. App. at 172. Nor does any potential damage to Oxendine’s reputation while charges are pending against him amount to the requisite harm. The harm alleged is the same harm that would potentially exist in every case where a candidate is accused of a violation of the Act. “Such would render virtually every interlocutory *904 administrative decision subject to immediate review.” Id. Applying binding precedent from our Supreme Court and this Court to the facts and circumstances of this case, we hold that Oxendine has not met his burden to show that a ruling following the final Commission hearing, if incorrect, could not be remedied, thus causing irreparable harm. See id.; compare Wills, 259 Ga. at 550 (1). Accordingly, the trial court did not err in denying Oxendine’s petition for judicial review on this basis.[9]
3. Based on our ruling in Division 2, we need not address Oxendine’s remaining arguments.

Judgment affirmed.

Doyle, C. J., Ellington, P. J., Andrews, Ray, McMillian, Mercier, and Reese, JJ., concur. McFadden, P. J., concurs in Division 1 and dissents in Divisions 2 and 3.

 OCGA § 21-5-1 et seq.

 OCGA § 21-5-41 (2005) regulates campaign contributions from persons, corporations, political committees, or political parties.

 Under OCGA § 21-5-6 (b) (10) (A) (2011) the Commission has power
[t]o conduct a preliminary investigation ... of the merits of a written complaint by any person who believes that a violation of this chapter has occurred. ... If there are found no reasonable grounds to believe that a violation has occurred, the complaint shall be dismissed.... If the commission determines that there are such reasonable grounds to believe that a violation has occurred, it shall give notice by summoning the persons believed to have committed the violation to a hearing. . . .

 The “[sjummary” notes from this preliminary hearing reflect that the Commission “found probable cause” in the Oxendine matter. However, that finding was misstated in the notes. The Commission actually made a finding of “reasonable grounds.”

 One of those subpoenas was later quashed “due to ministerial error related to service upon [Oxendine].”

 OCGA §§ 21-5-43 (c) and (d) and 21-5-33 address how a candidate for political office can use campaign contributions and what to do with unexpended contributions.

 OCGA § 50-13-1 et seq.

 OCGA § 50-13-19 (a) (2016) provides:
Any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter... .A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

 Although the dissent addresses other grounds cited by the trial court, those grounds are not addressed in this opinion because they are not applicable here.