McFADDEN, Presiding Judge,
concurring in part and dissenting in part.
I agree that we have jurisdiction over this appeal, so I concur in Division 1 of the majority opinion. But I would hold that the superior court is authorized, on the record before us and in the exercise of his discretion, to hold that a final agency decision would not provide Oxendine an adequate remedy and so that Oxendine is entitled to interlocutory review under OCGA § 50-13-19 (a). So I respectfully dissent from Divisions 2 and 3. I would vacate and remand with instructions so the superior court can exercise that discretion.
OCGA § 50-13-19 (a) authorizes, under certain circumstances, interlocutory review of administrative agency actions. It provides:
Any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. ... A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
Oxendine invoked that provision, contending that he has been and continues to be subjected to prejudice over and above that which the law authorizes and practical necessity requires. He contends that the complaint against him must be dismissed because it failed to state a claim and was time-barred. And he claims that the commission has *905 needlessly prolonged resolution of the proceeding against him and thereby caused him unwarranted reputational damage.
The superior court held that he lacked jurisdiction and dismissed. He stated three grounds: that Oxendine had failed to exhaust his administrative remedies before seeking judicial review, that the commission’s decision was not a “contested case,” and that review of the final agency decision would provide Oxendine with an adequate remedy. As detailed below, the first and second are simply wrong. The third asked the right question, but the superior court gave an answer infected with error and suggestive of failure to exercise discretion.
1. Failure to exhaust administrative remedies.
The superior court’s order cited Oxendine’s failure to exhaust his administrative remedies as an independent reason why the superior court lacked jurisdiction under OCGA § 50-13-19 (a). That is a misreading of the statute: it creates an exception to the exhaustion requirement. OCGA § 50-13-19 (a) expressly authorizes immediate judicial review of a preliminary, procedural, or intermediate agency action “if review of the final agency decision would not provide an adequate remedy” So in appropriate cases, it authorizes judicial review of preliminary procedural rulings like the Commission’s denial of Oxendine’s motions in this case. See Wills v. Composite State Bd. of Med. Examiners, 259 Ga. 549, 550 (1) (384 SE2d 636) (1989) (holding that OCGA § 50-13-19 (a) permitted judicial review of agency’s denial of motion to dismiss on statute of limitations grounds and motion to compel discovery).
2. Contested case.
The superior court also erred in holding that it lacked jurisdiction because this is not a “contested case,” as that phrase is used in the Administrative Procedure Act. The Act defines a “contested case” as a proceeding “in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing.” OCGA § 50-13-2 (2). Here, the underlying issue is whether Oxendine violated a provision of the Ethics in Government Act and should be sanctioned.
3. Adequate remedy.
The superior court held, “Petitioner will be afforded an adequate remedy by first exhausting his administrative remedies” and then exercising his right to judicial appeals.
I agree that, in most cases, appellate review of a final agency decision would remedy a legal error in an interim agency decision. The “provision for immediate appeal under OCGA § 50-13-19 (a) is not applicable simply because an administrative ruling risks duplication of effort or expense.” Schlachter v. Ga. State Bd. of Examiners of Psychologists, 215 Ga. App. 171, 172 (450 SE2d 242) (1994). But *906 OCGA § 50-13-19 (a) expressly contemplates that there will be some cases in which judicial review of a final agency decision will not be an adequate remedy: it permits immediate review of an interim ruling “if review of the final agency decision would not provide an adequate remedy.” OCGA § 50-13-19 (a) (emphasis supplied). We cannot construe our decision in Schlachter to eliminate the possibility that review of a final agency decision may not be enough. See North Fulton Med. Center v. Stephenson, 269 Ga. 540, 544 (501 SE2d 798) (1998) (construing, in the context of mandamus, the term “adequate remedy” to mean a “remedy [that] is equally convenient, complete and beneficial”). So the mere fact that Oxendine could obtain appellate review of a final agency decision in this case does not, on its own, support a finding that such review would be an adequate remedy under the facts of this case.
The superior court’s finding that Oxendine “had not demonstrated irreparable harm,” is unexplained, and it is intertwined with his erroneous determination that failure to exhaust administrative remedies is an in depen dent bar to jurisdiction under OCGA § 50-13-19 (a). His order does not set out an analysis of why, under the facts of this particular case, review of a final agency decision would be an adequate remedy That analysis requires an exercise of discretion. As our Supreme Court has held, it entails recognition that review of a final agency decision would not provide an adequate remedy where “[i]rreparable injury could result without a resolution of [the] issues prior to the final hearing on the merits.” Wills, supra, 259 Ga. at 550 (1).
I would not decide today whether that analysis must be set out in an order under OCGA § 50-13-19 (a). But the order now before us suggests that the superior court erroneously concluded that he was barred as a matter of law from exercising jurisdiction.
That inference is bolstered by the hearing transcript. The superior court opined that the case had not been “handled appropriately” so far and expressed “very little confidence” that the Commission would handle it appropriately in the future. He asked its representative, “At what point does fundamental due process play into your agency’s formula for providing somebody who’s . . . brought up on these charges with an ability to have his day in court?” The Commission’s attorney responded, “this court just simply doesn’t have jurisdiction.”
Yes, he does. Under OCGA § 50-13-19 (a), upon a finding that “the final agency decision would not provide an adequate remedy,” the superior court has appellate jurisdiction. The concerns the superior *907 court expressed at the hearing are supported by the record. And they are sufficient to authorize him, in the exercise of his sound discretion, to so find.
Decided June 22, 2017
Chalmers Pak Burch & Adams, Douglas Chalmers, Jr., Carolyn C. Burch, for appellant.
Christopher M. Carr, Attorney General, Dennis R. Dunn, Deputy Attorney General, Russell D. Willard, Senior Assistant Attorney General, Christian A. Fuller, Assistant Attorney General; Robert S. Lane, for appellee.
In order to give the superior court an opportunity to exercise that discretion, I would vacate and remand.